David RICHARDSON, Patricia King, Patrick Kelly and Hiram Spain, on behalf of themselves and all others similarly situated, Appellants,

v.

J. Means McFADDEN, Morris D. Rosen, C. W. F. Spencer, Robert D. Schumpert, David L. Freeman and Albert L. James, Jr., individually and as members of the State Board of Law Examiners, and Miss Frances Smith, Clerk of the Supreme Court of South Carolina, Appellees.

David RICHARDSON, Patricia King, Patrick Kelly and Hiram Spain, on behalf of themselves and all others similarly situated, Appellees,

v.

J. Means McFADDEN, Morris D. Rosen, C. W. F. Spencer, Robert D. Schumpert, David L. Freeman and Albert L. James, Jr., individually and as members of the State Board of Law Examiners, and Miss Frances Smith, Clerk of the Supreme Court of South Carolina, Appellants.

Nos. 73–2512 and 73–2513.

United States Court of Appeals, Fourth Circuit.

Reargued March 15, 1977.

Decided Oct. 12, 1977.

Ray P. McClain and F. Henderson Moore, Charleston, S.C. (Laughlin McDonald, Neil Bradley, Atlanta, Ga., Melvin L. Wulf, E. Richard Larson, New York City, on brief), for appellants in 73–2512 and for appellees in 73–2513.

Randall T. Bell, Columbia, S.C. (Daniel R. McLeod, Atty. Gen. of South Carolina and A. Camden Lewis, Asst. Atty. Gen. of South Carolina, Columbia, S.C., on brief), for appellees in 73–2512 and for appellants in 73–2513.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, WINTER, CRAVEN,* BUTZNER, RUSSELL, WIDENER and HALL, Circuit Judges, sitting in banc on resubmission.

PER CURIAM:

We granted rehearing in banc to reconsider the issues decided by a panel of the court in *Richardson v. McFadden*, 540 F.2d 744 (4 Cir. 1976). There, in an action for declaratory and injunctive relief brought by four black law school graduates who had satisfied all requirements for admission to the South Carolina Bar, except that they received failing scores on the bar examination, the panel decided that the district court properly denied relief except for the individual claims of Spain and Kelly. With respect to them, the panel concluded that the Law Examiners had acted arbitrarily and capriciously, and it directed the district court to order them to be certified as having passed the South Carolina Bar.

I.

Except with respect to the individual claims of Spain and Kelly, we see no merit in plaintiffs' various contentions for the reasons assigned by the panel.

II.

With regard to the individual claims of Spain and Kelly, we conclude, in disagreement with the panel, that the district court correctly denied relief.

At the outset, we recognize that a jurisdictional question is raised by the assertion of individual claims for relief by Spain and Kelly, i. e., whether, in judging the intellectual fitness of applicants to practice law, the Law Examiners performed a judicial function on behalf of the South Carolina Supreme Court, so that under such precedents as *Doe v. Pringle*, 550 F.2d 596 (10 Cir. 1976), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977), and *MacKay v. Nesbett*, 412 F.2d 846 (9 Cir. 1969), *cert. denied*, 396 U.S. 960, 90 S.Ct.

435, 24 L.Ed.2d 425 (1969), we should conclude that the district court lacked subject matter jurisdiction to review the denial of admission to the bar. We are divided on how this issue should be decided, but we find it unnecessary to debate or resolve our differences because a clear majority of us agrees that, even if the district court had subject matter jurisdiction, the proof will not support the conclusion that Spain and Kelly are entitled to individual relief.

■ Their claim to relief is founded upon due process and equal protection claims. Before turning to the factual basis of their claims, we stress that our function is not just to determine if the bar examiners made a mistake in one or more individual cases; it is to determine if there has been a denial of due process or of equal protection. Not every erroneous determination mounts up to a denial of due process or equal protection. *Bishop v. Wood*, 426 U.S. 341, 349–50, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

■ Factually, Kelly and Spain showed that *other* applicants at *other* times appeared to have received more favorable treatment in grading than that which was afforded them. See table at 540 F.2d at 750. Specifically, Spain, who was a June, 1971, applicant having an average score of 70.5 and having been failed by three examiners, points to applicant 129, a June, 1970, applicant having an average score of 71.8 and also having been failed by three examiners, who was passed. Kelly, who was a February, 1971, applicant having an average score of 69.6 and having been failed by three examiners, points to applicant 10, also a February, 1971, applicant who was passed with an average score of 69.3 but who was failed by only two examiners.

We do not think this proof establishes the constitutional discrimination requisite to the granting of individual relief. In the case of Spain, the comparison urged on us is of different years. While the mere fact of different years does not make the comparison inapposite, all of the circumstances which make the two instances comparable

* Judge Craven died before this opinion was prepared.

were not shown. Moreover, the record does not show that in grading Spain the examiners had before them the record of what had been done the year before. In the case of Kelly, the fact that he was failed by three examiners serves to distinguish his case from the asserted analogue where the applicant was failed by only two examiners. The further fact that a February, 1970, applicant (No. 17) was failed with an average of 69.5 after having been failed by only two examiners does not destroy the distinction. Although it occurred in a different examination from the one about which Kelly complains, it may show discrimination with reference to 17; but Kelly can hardly advance his cause as a result of a possible due process violation to another. Significant also, with respect to Spain and Kelly, are the facts that of the aggregate 828 examinations given during the eight times that the bar examination was administered over a four-year period, only these two examples of alleged discrimination were proved, and that Spain and Kelly continued to fail on subsequent reexaminations. Succinctly stated, we simply do not think that Spain and Kelly proved their case.

Since we conclude that there was no error in the judgment of the district court on any of the grounds asserted, its judgment is

*AFFIRMED.*

HALL, Circuit Judge, concurring in the result:

While I concur in the result reached in this case, I do so because I believe that the district court was without subject matter jurisdiction to review the questions relating to the individual admissions to the bar of Spain and Kelly. Settled precedents, I believe, support my views regarding the district court's lack of subject matter jurisdiction.

In South Carolina, the exclusive jurisdiction to pass upon the qualifications of applicants is vested in the South Carolina Supreme Court by both the state constitution and by statute. S.C.Const. art. V, § 4; S.C.Code § 56–96. By administering the bar examination and judging the intellectual fitness of applicants to practice law, the Law Examiners perform a judicial function on behalf of the South Carolina Supreme Court.[1] The South Carolina Supreme Court thus exercises judicial power within the scope of its subject matter and personal jurisdiction when it acts upon the admission of applicants to the state bar. And while that court is not required to admit an applicant to the South Carolina Bar simply because the Bar Examiners have certified that he has passed the bar examination,[2] nevertheless the failure to obtain such a certification does preclude admittance to the bar.

Many states have statutorily established a formal procedure for petitioning the states' highest court for review of an adverse determination by a board of bar examiners who failed to certify that an applicant has passed a bar examination. A statutory provision such as this did not exist in South Carolina during the time relevant to this case; however, petitions by aggrieved bar applicants had been made to and considered by the South Carolina Supreme Court.[3] Final action on an application to

1. *See* Deposition of J. Means McFadden, App. at 428–29:

   Well we [Law Examiners] are subject to the control of the Supreme Court, and we take no action of an affirmative nature without first conferring with the Supreme Court and getting their approval of it. * * * [W]e are subject to their supervision in every thing we do. But to the extent that we have to formulate questions, give the examination, grade the papers, yes, we have to do that on an individual basis. There is no other way we can do it. [However, before any changes were made in the scheme of the examina-

tion], we got the approval of the Supreme Court before we ever put in changes.

2. However, the record does not reflect any instance when the South Carolina Supreme Court refused to follow the recommendations of its Law Examiners in admitting applicants to the bar.

3. After institution of this suit, the South Carolina Supreme Court voluntarily did establish by rule procedures for the review of failing papers. *See* Rule 11, Rules for the Examination and Admission of Persons to Practice Law in South Carolina (effective date—February 10, 1975).

the state bar is by the South Carolina Supreme 'Court, whether the action taken is expressed or implied;[4] and review from an adverse decision is secured by petitioning the Supreme Court of the United States for certiorari. *Schware v. Board of Bar Examiners of New Mexico*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Konigsberg v. State Bar of California*, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); *Theard v. United States*, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957). Three circuits are in accord. *See Doe v. Pringle*, 550 F.2d 596 (10th Cir. 1976), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); *Feldman v. State Board of Law Examiners*, 438 F.2d 699 (8th Cir. 1971); *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969), *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969); *Gately v. Sutton*, 310 F.2d 107 (10th Cir. 1962).

The United States Court of Appeals for the Tenth Circuit has recently considered this particular jurisdictional issue in *Doe v. Pringle, supra*. There, a frustrated bar applicant had brought a civil rights action challenging the state supreme court's denial of his application for admission to the bar, despite a favorable recommendation of the bar committee. Upholding the district court's dismissal of the action, the Tenth Circuit ruled that a federal court was without subject matter jurisdiction to review the denial of admission to the bar even though plaintiffs' challenge was anchored to an alleged deprivation of federally protected due process and equal protection rights.

Drawing from the district court's ruling, the *Doe* court noted that there is a subtle but fundamental distinction between two types of claims which a disappointed bar applicant might bring to federal court:

**4.** *See American Civil Liberties Union v. Bozardt*, 539 F.2d 340 (4th Cir. 1976), *cert. denied*, 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976), where a final (appealable) state adjudication of a disciplinary proceeding was said not to occur until it could be demonstrated that the South Carolina Supreme Court either expressly decided the question or *acquiesced* in the decision of the Board of Commissioners on Grievances and discipline of the South Carolina Bar.

The first is a constitutional challenge to the state's general rules and regulations governing admission; the second is a claim based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission. *Doe*, 550 F.2d at 597.

Thus,

> [W]hile federal courts do exercise jurisdiction over many constitutional claims which attack the state's power to license attorneys involving challenges to either the rule-making authority or the administration of the rules [citations omitted], *such is not true where review of a state court's adjudication of a particular application is sought.* * * * [T]he latter claim may be heard, if at all, exclusively by the Supreme Court of the United States. . . . [relying on the '*Theard* Doctrine' announced in *Theard v. United States*, 354 U.S. 278 [77 S.Ct. 1274, 1 L.Ed.2d 1342] (1957)].

*Doe*, 550 F.2d at 597.

The Eighth Circuit, in *Feldman v. State Board of Law Examiners*, 438 F.2d 699 (8th Cir. 1971) dealt with a plaintiff who had twice failed the Arkansas bar exam, who sued the Board, and others, seeking injunctive relief and based jurisdiction upon 28 U.S.C. §§ 1343(3) and 1331(a). He sought to state a claim under 42 U.S.C. § 1983. The district court initially expressed doubt as to its subject matter jurisdiction but, dismissed on nonjurisdictional grounds. The Court of Appeals noted that the suit properly could have been dismissed on jurisdictional grounds, 438 F.2d at 701, and they noted that:

> ". . . plaintiff's remedy if any lies in presenting his grievance to the Arkansas

The fictitious "*Jane Koe*" in *Bozardt*, in reality Ms. Edna Smith, subsequently did seek a direct review of the private reprimand administered by the Board of Commissioners on Grievances and Discipline. The Supreme Court of South Carolina reviewed the case but ordered a public reprimand. *Matter of Smith*, 233 S.E.2d 301, 306 (S.C.1977).

An appeal to the Supreme Court of the United States was then filed. *In Re Smith*, No. 77–56; 46 U.S.L.W. 3041. It is currently pending.

Supreme Court. If the ruling there is adverse to him, he may apply for certiorari to the United States Supreme Court in the manner as was done in *Schware, Konigsberg* and *Theard*. As the trial court properly stated, it is not an appellate court and cannot in such a case as this review State court actions."

*Feldman,* 438 F.2d at 704.

Finally, in *MacKay v. Nesbett,* supra, the Ninth Circuit was faced with a challenge to the action of a majority of the Justices of the Alaska Supreme Court who had entered disciplinary orders suspending MacKay from the practice of law for a period of one year. Relying upon *Theard* and *Gately,* supra, and other precedent in support of the *Theard* doctrine, the court said:

> [O]rders of a state court relating to the *admission,* discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems.

*MacKay,* 412 F.2d at 846. Emphasis added.

While we are aware that there is some authority to the contrary in the Seventh and perhaps the Fifth Circuits,[5] and while we are fully appreciative of the desirable goal of avoiding, if possible, the creation of a conflict among our sister circuits, I nevertheless believe we should follow the teachings of *Doe, Feldman* and *MacKay,* and accordingly, I would hold that the district court should have dismissed the claims of Spain and Kelly regarding their allegations of having been wrongfully deprived of passing grades on the South Carolina Bar Examination. By failing to admit Spain and

Kelly to the South Carolina Bar, the South Carolina Supreme Court had acquiesced in the Board of Law Examiners' recommendation to not license them. Review of this denial lies exclusively with the Supreme Court of the United States.

WIDENER, J., authorizes me to state that he joins in this opinion.

BOREMAN, Senior Circuit Judge, concurring specially in the result:

As a Senior Circuit Judge I was a member of the panel of three which considered and decided the appeal. Having served on that panel I was qualified to participate in the rehearing in banc which was ordered by the court.

Upon the rehearing in banc I have been persuaded that the jurisdictional question raised was not accorded the serious consideration by the panel to which it was entitled. From the arguments presented, in briefs and orally, and upon careful review of the opinions of other highly respected circuit courts of appeals I am convinced that the federal district court should have dismissed this action for lack of subject matter jurisdiction.

Therefore, I join HALL, J., in his opinion in which he concurs in the result and for the reasons as set forth by him therein.

---

**5.** See *Whitfield v. Illinois Board of Law Examiners,* 504 F.2d 474, 477 (7th Cir. 1974):

> Plaintiff, of course, did allege that defendants acted arbitrarily in grading his examination. There may very well be situations in which a capricious denial by state officials may give rise to a federal remedy. (dictum).

See also *Tyler v. Vickery,* 517 F.2d 1089 (5th Cir. 1975), *cert. denied,* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976).