**Jesse Lincoln WOODARD et al., Plaintiffs,**

v.

**VIRGINIA BOARD OF BAR EXAMIN- ERS et al., Defendants.**

**Civ. A. No. 75–0437–R.**

United States District Court, E. D. Virginia, Richmond Division.

June 2, 1978.

James A. Winstead, Chesapeake, Va., W. Edward Thompson, Washington, D. C., for plaintiffs.

Leonard L. Hopkins, Jr., Stuart H. Dunn, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, an unsuccessful applicant for admission to the practice of law in Virginia, brings this action against the Virginia Board of Bar Examiners and its members individually, alleging racial discrimination. Plaintiff originally sought to bring this suit on behalf of a class composed, *inter alia,* of all black persons denied admission to the Virginia Bar upon having failed the Bar Examination administered by the defendants. On the date of April 13, 1976, the Court tentatively declared the action as a class action. However, on November 11, 1977, the Court vacated that order and denied plaintiffs' motion for class certification. Accordingly, plaintiff may prosecute only his individual claim in this action.

In the Court's order of November 11, 1977, the Court raised, *sua sponte,* the question of its jurisdiction over plaintiff's individual claim in light of the dismissal of the plaintiff's class claims. The parties have filed briefs as directed by the Court, and the jurisdictional issue is now ripe for resolution.

In *Richardson v. McFadden,* 563 F.2d 1130 (4th Cir. 1977) (*en banc*), four black law school graduates challenged the constitutionality of South Carolina's bar examination as applied generally to black applicants. The District Court dismissed the class claims on the merits, and then addressed each of the plaintiff's individual claims of discrimination. On rehearing *en banc,* the Court of Appeals stated:

At the outset, we recognize that a jurisdictional question is raised by the assertion of individual claims for relief by [appellees, plaintiffs below,] i. e., whether, in judging the intellectual fitness of applicants to practice law, the Law Examiners performed a judicial function on behalf of the South Carolina Supreme Court, so that under such precedents as *Doe v. Pringle,* 550 F.2d 596 (10th Cir. 1976) *cert. denied*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977), and *MacKay v. Nesbett,* 412 F.2d 846 (9th Cir. 1969) *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969), we should conclude that the district court lacked subject matter jurisdiction to review the denial of admission to the bar. We are divided on how this issue should be decided, but we find it unnecessary to debate or resolve our differences because a clear majority of us agrees that, even if the district court had subject matter jurisdiction, the proof will not support the conclusion that [appellees] are entitled to individual relief. 563 F.2d at 1131.

Three judges concurred in the result, concluding that the district court lacked subject matter jurisdiction to review the plaintiffs' individual claims. *Id.* at 1132. The question for decision before this Court is thus whether, in judging the intellectual fitness of plaintiff to practice law, the Bar Examiners performed a judicial function on behalf of the Supreme Court of Virginia.

1.  State law provides:
    Section 54–64. Issuance of license; list of licensees certified to Supreme Court of Appeals.—The Board shall issue a license to practice law in this State to every applicant who shall have successfully passed the examination on all the subjects required and shall have complied with the requirements of this chapter and the rules of the Board, which license shall be signed by at least three members of the Board. The Board shall forthwith certify to the Supreme Court of Appeals [now Supreme Court of Virginia] a list of those whom it has so licensed, which list shall be spread upon the records of the Court.

2.  At the time plaintiff's application for admission to the Virginia State Bar was under advisement, state law provided:
    Section 54–57. Rules and regulations.—The Board may make, alter and amend rules and

If they did so, the Court must then consider the question unanswered in *Richardson* : i. e., whether an unsuccessful applicant may challenge the Board's decision in a United States District Court pursuant to 28 U.S.C. § 1343(3), or only in the Supreme Court of the United States on a writ of certiorari to the state court.

All persons seeking to practice law in Virginia must obtain a license from the State Board of Bar Examiners ("Board"), § 54–42 Code of Va. (1950). Subject to exceptions not here relevant, passage of the bar examination is a prerequisite to the granting of a license to practice law.[1] The Board prepares, administers and grades the bar examinations.[2]

The Board's members are appointed by the state Supreme Court, § 54–54. The Supreme Court has no explicit *statutory* authority to review the Board's decisions or to reverse its evaluation of a particular candidate. Nonetheless, it is well settled that the Court retains such inherent power.

[I]t is universally recognized that the highest court of the state may prescribe rules relating to admissions to the Bar even in the absence of a statute. The admission or exclusion of an attorney is not the exercise of a mere ministerial power. It is the exercise of judicial power . . . . *Brown v. Supreme Court of Virginia,* 359 F.Supp. 549, 554 (E.D.

regulations as to the legal qualifications of applicants, the requirements necessary for passing examinations, in whole or in part, and as to all things necessary or expedient for the proper conduct of its examinations and a proper discharge of its duties.

The Code has since been amended to read:
Section 54–57.1. Powers, rules and regulations.—The Board shall do, or cause to be done, all things it considers necessary, convenient or expedient in connection with the preparation, conduct and grading of its examinations, in determining the qualifications of applicants, and in determining requirements for the taking and passing of examinations. The Board may make, alter and amend rules and regulations to aid in the exercise of its authority and in the proper discharge of its duties.

Va.) (three judge court), *affirmed* 414 U.S. 1034, 94 S.Ct. 533, 38 L.Ed.2d 327 (1973).

*Accord: Feldman v. State Board of Law Examiners,* 438 F.2d 699 (8th Cir. 1971). Thus, it is clear that the Board performs a judicial function on behalf of the Supreme Court of Virginia.

The Court having so concluded must now determine whether a federal district court has jurisdiction to consider an unsuccessful applicant's challenge to the procedures and practices of the Board, in reference to that applicant's particular examination. For the reasons cogently stated by Judge Hall in his concurrence in *Richardson v. MacFadden,* 563 F.2d at 1132–34, the Court concludes that it does not have jurisdiction over plaintiff's individual claims.

Plaintiff seeks to distinguish the cases relied upon by Judge Hall on three grounds. First, plaintiff erroneously states that his claims are based in part on Title VII, 42 U.S.C. § 2000e et seq. which allegedly provides an independent basis of jurisdiction. This Court dismissed plaintiff's Title VII claims by order of September 9, 1976. *Woodard v. Virginia Board of Bar Examiners,* 420 F.Supp. 211 (E.D.Va.1976). Second, plaintiff asserts that he is challenging the state's general rules and regulations governing admission to the practice of law; rather than bringing suit to test the Board's actions with regard to a particular application. However, plaintiff now stands before the Court not as a class representative, but as an individual with an individual claim of discrimination. Finally, plaintiff contends that he is challenging not an order of the state court, but an action of a state agency. In light of the Court's conclusion that the Board performs a judicial function on behalf of the state court, this attempted distinction has no validity.

The Court having no subject matter jurisdiction over plaintiff's individual claim of discrimination, the complaint must be dismissed.

An appropriate order will issue.