Alvin S. KENNEDY, Appellant,

v.

The EDUCATIONAL TESTING
SERVICE, INC., Appellee.

No. 12912.

District of Columbia Court of Appeals.

Submitted June 30, 1978.

Decided Oct. 10, 1978.

Alvin S. Kennedy, pro se.

Michael S. Schooler, Washington, D. C., with whom Howard P. Willens, Jay F. Lapin, Washington, D. C. and John S. Kramer, Princeton, N. J., were on brief, for appellee.

Before KELLY, NEBEKER and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellant asserts that the trial court erred in dismissing his complaint on two grounds: failure to state a claim and lack of subject matter jurisdiction.[1] We affirm.

Appellant alleged in his complaint essentially as follows. Between 1974 and 1977, appellant was unsuccessful in his attempts to gain admission to the District of Columbia Bar because he had not received a passing grade on the semi-annual examinations administered by the Committee on Admissions of the District of Columbia Bar. Each examination is comprised of an essay portion and an objective or "multiple choice" portion, denominated the "Multistate Bar Examination." The former is composed, prepared, administered and graded by the Committee on Admissions. The latter is

1. The dismissal was "without prejudice to reinstatement to the extent the D.C. Court of Appeals determines that this Court has and should exercise jurisdiction."

composed, prepared and graded by appellee, Educational Testing Service, Inc. (ETS),[2] but administered by the Committee on Admissions. Appellant requested of the Committee on Admissions that he be permitted to review and thereby challenge the results of the objective portion of the examination. His requests were denied in accordance with the rules of the Committee, which provided that "No [such] review . . . is possible." ETS announced by notice to all applicants for admission to the examination that review of the objective portion of the examination would not be permitted. Upon these allegations of fact, appellant alleged that ETS, acting under color of law, denied him his due process right to challenge the correctness of the grading of the examination. He further alleged that the composition of the examination discriminated against candidates with "strong civil rights attitudes," that it bore no rational relation to the ability of an individual to practice law, and that the examination imposes an undue burden upon the practice of law in interstate commerce. Appellant sought monetary relief in the amount of $2,010,000 and an order compelling ETS to permit review of the multistate examinations.

◼ An examination of the order of dismissal makes clear that the dismissal was premised upon lack of subject matter jurisdiction and that the sufficiency of the complaint itself was not ruled upon.[3] We af-firm the trial court's dismissal without reaching the sufficiency of the complaint.

◼ Admission to the Bar of the District of Columbia is governed by the rules of this court. D.C.Code 1973, § 11–2501. Admission by examination requires successful[4] completion of the multistate examination. D.C.App. R. 46 I(b)(7)(iii). This examination is administered by the court-appointed Committee on Admissions. D.C.App. R. 46 I(a), (b). Affidavits submitted by ETS in support of its motion to dismiss for lack of subject matter jurisdiction established[5] the following. The Committee on Admissions has, pursuant to the rules of this court, utilized the multistate examination since 1973. Each applicant's answer sheet is submitted to ETS for scoring by computer in accordance with a pre-determined key of correct answers. The score so computed is used by the Committee on Admissions in its determination of the applicant's success. Although the Committee on Admissions established procedures whereby applicants might obtain review of the essay portion of the Bar admission examination, no review of any aspect of the multistate examination is permitted. This policy is now incorporated in the rules of this court. D.C.App. R. 46 I(b)(10). ETS has provided copies of the multistate examinations and the answer keys used in scoring them to bar examiners in other jurisdictions. The Committee on Admissions has never requested these materials.

---

2. The allegation was traversed, in part, by ETS, which submitted affidavits to the effect that ETS does not compose or prepare the multistate examinations. Denial of these allegations by affidavit is irrelevant to the statement of the claim for relief. *See Land v. Dollar,* 330 U.S. 731, 735 n.4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). *But see* note 5 *infra.*

3. By dismissing without prejudice to reinstatement after a determination of subject matter jurisdiction (note 1 *supra*), the trial court necessarily implied that, given subject matter jurisdiction, there was stated a claim upon which relief might have been granted.

4. "Successful" completion of the bar examination is not determined solely by reference to the multistate examination. Rather, each applicant must achieve a minimum *combined* score on the two portions of the examination. *See* D.C.App. R. 46 I(b)(8).

5. Although the ETS affidavits are not dispositive of the sufficiency of the claim stated in the complaint (note 2 *supra* ), they may be used in a determination of subject matter jurisdiction. *See Land v. Dollar, supra; Urquhart v. American-LaFrance Foamite Corp.,* 79 U.S.App.D.C. 219, 221, 144 F.2d 542, 544, *cert. denied,* 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625 (1944); Super.Ct.Civ.R. 43(e). The affidavits submitted by ETS in support of its motion to dismiss for lack of jurisdiction, an issue upon which appellant bore the burden of proof. (*KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936)), were unopposed by appellant.

■ It is thus apparent that ETS is, to the extent of its functions relating to the multistate examination, an agent of the Committee on Admissions. The Committee is, in turn, an arm of this court. The refusal of ETS to permit review of any aspect of the examination, while perhaps motivated by other concerns,[6] concurs with the policy of the Committee on Admissions at the times relevant to the complaint and with the present rules of this court. Any order of the Superior Court which might have directed ETS to disclose those materials, and any award premised upon a failure to disclose, would necessarily call into question the validity of this court's and its Committee on Admissions' policies against such disclosure. The only purpose of the requested disclosure, as stated in appellant's complaint, relates to the failure of the Committee on Admissions to certify appellant to this court for admission to the Bar, a function within the exclusive control of this court. D.C.Code 1973, § 11–2501. This court has authority to entertain a petition for review of admission examinations even though such review is not afforded by rule. *See Harper v. District of Columbia Committee on Admissions,* D.C.App., 375 A.2d 25 (1977) (on petition for original jurisdiction, permitting review of essay portion of exam-

ination). Under these circumstances, our original jurisdiction must be exclusive of, not concurrent with, that of the Superior Court, for the Superior Court is without authority to hold or declare invalid a rule or policy of this court within the ambit of its plenary authority under § 11–2501. *See, e. g., Ser-Nestler, Inc. v. General Finance Loan Co.,* 167 So.2d 230, 232 (Fla.App.1964); *In re Presentment of Essex County Grand Jury,* 110 N.J.Super. 24, 25, 264 A.2d 253, 254 (1970). And the exclusivity of our jurisdiction must extend at least to any request for relief which calls for disclosure, contrary to our rules and those of our Committee on Admissions of admission examinations. Pending the exercise of that jurisdiction, the trial court properly declined to exercise jurisdiction over a matter which might have encroached upon our jurisdiction.[7]

*Affirmed.*

---

**6.** The affidavits submitted by ETS assert that ETS was bound by its contractual relation with the authors of the examination not to disseminate its contents in other than the prescribed examination situations. This contractual relation is not relevant to this appeal.

**7.** *See* note 1 *supra.*