598 F.2d 1345
 29 Fair Empl.Prac.Cas. 841, 19 Empl. Prac.
Dec. P 9260
Jesse Lincoln WOODARD, Appellant,
v.
VIRGINIA BOARD OF BAR EXAMINERS, W. Scott Street, III,
individually and in his official capacity as Secretary and
Treasurer of the Virginia Board of Bar Examiners, J. Sloan
Kuykendall, William H. King, John L. Walker, Carl C.
Gillespie, Francis N. Crenshaw, individually and in their
official capacities as members of the Virginia Board of Bar
Examiners, Appellees.
 No. 78-1586.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 2, 1979.
Decided May 24, 1979.
 
 W. Edward Thompson, Washington, D. C. (James A. Winstead, Chesapeake, Va., on brief), for appellant.
 Walter H. Ryland, Deputy Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Stuart H. Dunn, Chief Deputy Atty. Gen., Leonard L. Hopkins, Jr., Asst. Atty. Gen., Richmond, Va., on brief), for appellees.
 Before BREITENSTEIN, Circuit Judge for the Tenth Circuit, sitting by designation, and RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Woodard applied for admission to the Virginia Bar and sat for the bar examination. He failed to achieve a passing score on the examination and his application for admission to the bar was therefore denied. After filing discrimination charges with the Equal Employment Opportunity Commission and being issued a "Right to Sue" letter, he brought this suit as a class action in district court alleging violations of Title VII, 42 U.S.C. § 2000e Et seq., and 42 U.S.C. §§ 1981, 1983, 1985 and 1988 (1970). The district court denied class certification and dismissed the claims for lack of jurisdiction. We affirm.
 
 
 2
 The district court found and we agree that Title VII, by its own terms, does not apply to the bar examination. The Board of Bar Examiners is neither an "employer," an "employment agency," nor a "labor organization" within the meaning of the Act. Tyler v. Vickery (5th Cir. 1975) 517 F.2d 1089, 1096, Cert. denied 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976).
 
 
 3
 The district court properly dismissed the remaining claims for lack of jurisdiction. Appellant must present his grievance to the Supreme Court of Virginia and, if it is decided adversely to him, may then petition the Supreme Court of the United States for certiorari. Doe v. Pringle (10th Cir. 1976) 550 F.2d 596, 599, Cert. denied 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977).[1]
 
 
 4
 Finally, we see no error in the refusal of the district court to certify the action as a class action. Accordingly, for the reasons herein stated, and on the basis of the district court's opinions,[2] the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 See Judge Hall's concurring opinion in Richardson v. McFadden (4th Cir. 1977) 563 F.2d 1130, 1132-33 (en banc)
 
 
 [2]
 Woodard v. Virginia Bd. of Bar Examiners (E.D.Va.1978) 454 F.Supp. 4; Woodard v. Virginia Bd. of Bar Examiners (E.D.Va.1976) 420 F.Supp. 211