**Evanna POWELL, Plaintiff,**

v.

**Anthony NIGRO, et al., Defendants.**

**Civ. A. No. 81–2622.**

United States District Court,
District of Columbia.

July 28, 1982.

Evanna Powell, pro se.

Gary S. Freeman, Asst. Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., Chief Judge.

Plaintiff, a Black who was unsuccessful in her attempt to pass the District of Columbia bar examination, brings this action

*pro se* against several past and present members of the Committee on Admissions to the Bar of the District of Columbia Court of Appeals. Plaintiff essentially alleges that defendants' construction and grading of the bar examination violated her rights under the equal protection and due process of law components of the Fifth Amendment. Plaintiff premises jurisdiction on section 1331 of title 28, 28 U.S.C. § 1331 (Supp. IV 1980), and section 1343 of title 28, 28 U.S.C. § 1343 (1976). The action is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction.

## I

The Committee on Admissions performs a judicial function on behalf of the District of Columbia Court of Appeals by administering the District of Columbia bar examination and judging the fitness of applicants to practice law. *See Richardson v. McFadden,* 563 F.2d 1130, 1132 (4th Cir. 1977) (Hall, J., concurring in the result), *cert. denied,* 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978); *Feldman v. State Board of Law Examiners,* 438 F.2d 699, 704 (8th Cir. 1971); *Keenan v. Board of Law Examiners,* 317 F.Supp. 1350, 1355 n.5 (E.D.N.C.1970). The Committee on Admissions, however, "does not itself admit applicants to the bar, nor disbar attorneys, but merely makes recommendations the court may or may not elect to follow." *Feldman v. State Board of Law Examiners,* 438 F.2d at 702. *Accord, Kennedy v. Educational Testing Service, Inc.,* 393 A.2d 523, 525 (D.C.App.1978). The Court of Appeals alone may make the final decision, whether express or implied, concerning whether to admit a particular applicant to the District of Columbia bar. D.C. Code § 11–2501 (1981); *Kennedy v. Educational Testing Service, Inc.,* 393 A.2d at 525. *See Richardson v. McFadden,* 563 F.2d at 1132–33 (Hall, J., concurring in the result); *Feldman v. State Board of Law Examiners,* 438 F.2d at 702; *Chaney v. State Bar of California,* 386 F.2d 962, 966 (9th Cir. 1967), *cert. denied,* 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968).

For applicants who do not pass the bar examination, the Committee on Admissions provides its Post Examination Review Procedure. Under the review procedure,

[e]ach unsuccessful applicant is notified of his score on each essay question, his "raw score" for each section of the [Multi-state Bar Examination], and his combined score. Upon request, the applicant may meet with the Secretary to the Committee for a review of his essay paper and the questions as framed by the examiners and the examiners' comments with respect to each question. An unsuccessful applicant may submit within a fixed time, *without identifying himself,* a petition for regrading to each examiner he wishes with supporting reasons. The Secretary must submit to each examiner so petitioned, the petition, the petitioner's examination book and the examiner's questions and comments with respect to such questions. The unsuccessful applicant is notified by the Secretary of the examiner's ultimate disposition of his petition for regrading and the applicant may obtain, upon request, finally a review of the regrading petition and the examiner's disposition thereof by *two other members* of the Committee.

*Harper v. District of Columbia Committee on Admissions,* 375 A.2d 25, 26–27 (D.C.App. 1977) (emphasis in the original).

■ Although the District of Columbia has no statutorily established procedure for petitioning the Court of Appeals for review of a final determination of the Committee on Admissions denying certification that an applicant has passed the bar examination, the Court of Appeals nevertheless does accept and consider petitions for review. *Kennedy v. Educational Testing Service, Inc.,* 393 A.2d at 525 (citing as an example *Harper v. District of Columbia Committee on Admissions,* 375 A.2d 25 (D.C.1977)). *See Richardson v. McFadden,* 563 F.2d at 1132 (Hall, J., concurring in the result); *Feldman v. State Board of Law Examiners,* 438 F.2d at 702–03.

■ The decision of the Court of Appeals is subject to review by petitioning the Su-

preme Court of the United States for a writ of certiorari. *Kennedy v. Educational Testing Service, Inc.,* 393 A.2d at 525. *See Richardson v. McFadden,* 563 F.2d at 1133 (Hall, J., concurring in the result); *Doe v. Pringle,* 550 F.2d 596, 597 (10th Cir. 1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); *Feldman v. State Board of Law Examiners,* 438 F.2d at 704; *MacKay v. Nesbett,* 412 F.2d 846, 846–47 (9th Cir.), *cert. denied,* 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969); *Gately v. Sutton,* 310 F.2d 107, 108 (10th Cir. 1962).

## II

■ In this case, plaintiff does not allege that she petitioned the Court of Appeals for review of the Committee on Admission's determination denying certification that she had passed the bar examination. Indeed, plaintiff does not even allege that she requested reconsideration by the Committee on Admissions under its Post Examination Review Procedure. Under these circumstances, this action must be dismissed as premature.[1]

This result has been explained by the United States Court of Appeals for the Ninth Circuit in a case involving facts similar to those in this case:

The significance of this is that under California law a refusal of certification is not a power of deprivation. Only if the Court expressly or impliedly approves the Committee's refusal to certify so as to make this the basis or allow it to have the effect of a denial of admission can the Committee's actions of examination and refusal to certify come to be a status and have the stature of a deprivation.

Thus the situation here is not a matter of exhausting state remedies in respect to an alleged federal right but of there being no basis for any alleged federal right

to exist as to the Committee's actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation. The holding of *Monroe v. Pape,* 365 U.S. 167, 183 [81 S.Ct. 473, 482, 5 L.Ed.2d 492] . . . [ (1961) ], and *McNeese v. Board of Education,* 373 U.S. 668, 671–72 [83 S.Ct. 1433, 1435, 10 L.Ed.2d 622] . . . [ (1963) ], that it is not necessary to exhaust state remedies before a suit can be instituted under the Civil Rights Act, is therefore without application. Whatever may be the scope of the right to sue granted by 42 U.S.C. § 1983, it extends in any event only to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

*Chaney v. State Bar of California,* 386 F.2d 962, 966 (9th Cir. 1967), *cert. denied,* 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968). The Ninth Circuit further explained that

even if the form of examinations given by the Committee, or their scope and difficulty in allegedly exceeding the educational qualifications prescribed for taking them, or the Committee's grading of them, had been actions which abstractly could be violative of due process or equal protection, this could not give rise to any right of federal remediability until it had been made the basis of a deprivation of admission.

*Id.* at 966–67.

## III

■ Even if plaintiff had petitioned the Court of Appeals for review, she could only bring in the federal courts certain types of claims arising out of her unsuccessful attempt to gain admission to the District of Columbia bar. As the United States Court of Appeals for the Tenth Circuit explained in *Doe v. Pringle,* 550 F.2d 596 (10th Cir.

---

1. In response to the Court's questions at oral argument, plaintiff stated that she last took the District of Columbia bar examination in July of 1980, approximately fifteen months prior to the date on which she filed this action. Plaintiff also stated that she made no efforts, legal or otherwise, to require the Committee on Admissions to preserve her examination papers from

that or any previous bar examination that she took. Accordingly, this action may now be moot because Rule 46I.(b)(10) of the District of Columbia Court of Appeals Rules provides that "[n]inety days after publication of the [bar] examination results the [examination] papers shall be destroyed."

1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977), there is a fundamental distinction between two types of claims potentially brought by an unsuccessful applicant in the federal courts.

The first is a constitutional challenge to the state's general rules and regulations governing admission; the second is a claim, based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission. *Id.* at 597. The first type of claim involves review of the legislative or rulemaking authority of the state's highest court and thus may fall within the jurisdiction of the federal courts. *Id. See Richardson v. McFadden,* 563 F.2d at 1133 (Hall, J., concurring in the result); *Keenan v. Board of Law Examiners,* 317 F.Supp. at 1355 n.5. The second type of claim involves review of an exercise of judicial power by the state's highest court and thus falls outside the jurisdiction of the federal courts because such actions are only subject to review by petitioning the Supreme Court of the United States for a writ of certiorari. *Doe v. Pringle,* 550 F.2d at 597. *See Richardson v. McFadden,* 563 F.2d at 1133 (Hall, J., concurring in the result); *Feldman v. State Board of Law Examiners,* 438 F.2d at 704; *Keenan v. Board of Law Examiners,* 317 F.Supp. at 1355 n.5. *See also In Re Summers,* 325 U.S. 561, 565–66, 65 S.Ct. 1307, 1310, 89 L.Ed. 1795 (1945).

In this case, plaintiff presents both types of claims. Plaintiff first challenges the legislative or rulemaking authority of the Court of Appeals by arguing that the District of Columbia bar examination, as constructed, discriminates against Blacks. Plaintiff then challenges the Court of Appeals' exercise of judicial power by arguing, on several bases, that the Committee on Admissions graded her bar examination in a racially discriminatory manner.

■ Although plaintiff's challenge to the construction of the District of Columbia bar examination normally represents the type of claim that is cognizable in the federal courts, in this case plaintiff's claim must be dismissed for failure to present a substantial federal question. *See Feldman v. State Board of Law Examiners,* 438 F.2d at 704;

*Chaney v. State Bar of California,* 386 F.2d at 967–68. In 1977, the Court of Appeals reviewed an identical challenge to the bar examination and decided, after according the matter full and careful consideration, that the bar examination was not constructed in a racially discriminatory manner. *Harper v. District of Columbia Committee on Admissions,* 375 A.2d at 27–30. Plaintiff does not allege that the construction of the bar examination has changed materially since that time.

■ Plaintiff's various challenges to the grading of her bar examination involve review of an exercise of judicial power by the Court of Appeals and thus must be dismissed for lack of subject matter jurisdiction. This conclusion is not affected by the fact that plaintiff's claim is based on alleged deprivations of federally protected due process of law and equal protection rights. *See Richardson v. McFadden,* 563 F.2d at 1132–33 (Hall, J., concurring in the result); *Doe v. Pringle,* 550 F.2d at 599; *Woodard v. Virginia Board of Bar Examiners,* 454 F.Supp. 4, 6 (E.D.Va.1978), *aff'd,* 598 F.2d 1345 (4th Cir. 1979).

Accordingly, defendants' motion to dismiss is granted in its entirety.