**Julie Ann CLARK, Plaintiff,**

v.

**VIRGINIA BOARD OF BAR EXAMINERS, and W. Scott Street, III, Secretary to the Virginia Board of Bar Examiners, Defendants.**

Civ. A. No. 94–211–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

July 11, 1994.

Order Granting Motion to Alter
and Vacating Judgment
Aug. 31, 1994.

nervous disorders violate the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Since both sides have filed motions for summary judgment, this matter is ripe for adjudication. For reasons set forth below, the Court grants the defendants' motion for summary judgment and denies the plaintiff's motion for summary judgment.

I.

Plaintiff, Julie Ann Clark, graduated from George Mason University Law School in 1993, and is currently employed as a children's program specialist at the Bazelon Center for Mental Health. During law school she held law clerk positions at the National Senior Citizens Center, the American Bar Association Commission on Mental Disabilities, and the law firm of Landsman, Eakes & Laster. Ms. Clark has also previously worked as a paralegal at Legal Services of Northern Virginia and Virginia Legal Aid, and held various positions at the Loudoun County Abused Women's Shelter.

The defendants in this case are the Virginia Board of Bar Examiners and its Secretary, W. Scott Street, III. The Board members are appointed by the Supreme Court of Virginia for five year terms. Va.Code.Ann. § 54.1–3920.

Plaintiff has a condition that has previously been diagnosed as "major depression, recurrent." She states that "during the acute phase of this condition, which lasted approximately thirteen months a few years ago, I effectively lost much of my ability to concentrate, act decisively, sleep properly, orient myself, and maintain ordinary social relationships." *See* Plaintiff's Ex. 1.

On or about December 13, 1993, Clark applied to the defendant, Virginia Board of Bar Examiners, for a license to practice law in Virginia. She completed the entire application except for questions 20(b) and 21 [1] which ask as follows:

> 20(b) Have you within the past five years been treated or counseled for any mental, emotional or nervous disorders?

Victor M. Glasberg, Alexandria, VA, for plaintiff.

James S. Gilmore, III, Catherine C. Hammond, Peter R. Messitt, Office of the Atty. Gen., Richmond, VA, for defendants.

*MEMORANDUM OPINION*

CACHERIS, Chief Judge.

Plaintiff, Julie Ann Clark ("Clark"), instituted this suit for declaratory and injunctive relief against the Virginia Board of Bar Examiners ("Board") and its Secretary, W. Scott Street, III. Clark alleges that two questions on the Board's application concerning treatment and counseling for mental or

---

1. Clark initially refused to answer questions 20(a) and (c) as well, which inquired into any addiction or hospitalization for mental health reasons. She subsequently responded in the negative to both of these questions.

21 If your answer to Question 20(a), (b), or (c) is "Yes," complete all of the following that apply (use separate sheets, if necessary):

(a) Date(s) of treatment or counseling.

(b) Name, address and telephone number of attending physician, counselor, or other health care provider.

(c) Name, address and telephone number of hospital or institution.

(d) Describe completely the diagnosis, the treatment, and the prognosis, and provide any other relevant facts. You may attach letters from your treating health professionals, if you believe they would be helpful.

Clark responded: "I must respectfully refrain from answering Question 20[b] because the question as currently worded violates Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. Sections 12131–12180."

On February 8, 1994, the Board advised Clark that a refusal to answer question 20 made her Character and Fitness Questionnaire incomplete which made her ineligible to take the February 1994 bar exam. However, by agreement of counsel, the Board allowed Clark to sit for the examination without prejudice to its position that she would have to answer questions 20(b) and 21 in order to qualify for licensure.

Clark successfully passed the Virginia Bar Exam on February 22 and 23, 1994. She has now completed her full application procedure with the exception of answering questions 20(b) and 21. Plaintiff has otherwise fulfilled all the requirements for admission to the bar; however, defendants will not grant plaintiff a license unless she answers questions 20(b) and 21.

Plaintiff seeks an injunction requiring the Virginia Board of Bar Examiners to grant her a license, a declaration that the Board violated the ADA by propounding question 20(b), and a permanent injunction barring the Board from inquiring into the mental health history of applicants unless independent evidence suggests that an applicant has mental health problems which demonstrate an unfitness to practice law.

## II.

Summary judgment is proper if, viewed in the light most favorable to the nonmoving party, "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). The nonmoving party is entitled to the most favorable inferences that may reasonably be drawn from the forecast evidence, Ross, 759 F.2d at 364, but it "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir.1985). The essence of the inquiry the Court must make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment is proper "if the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." Id. at 248, 106 S.Ct. at 2510.

## III.

■ Before reaching the merits, this Court must first determine if it has jurisdiction over the matter. Defendants argue that this Court lacks jurisdiction to review the decisions that the Board made during the course of plaintiff's particular application and that this Court lacks jurisdiction to order the Board to give plaintiff a license to practice law.

Plaintiff argues that the Court should not have to address the jurisdiction question because the issue in this case is not a judicial decision by the state supreme court, but an administrative action by a state regulatory agency. If this were the case, this Court would have jurisdiction over the matter because

state supreme courts may act in a nonjudicial capacity in promulgating rules regulating the bar. See, e.g., Supreme Court of

*Virginia v. Consumers Union,* 446 U.S. 719, 731 [100 S.Ct. 1967, 1974, 64 L.Ed.2d 641] (1980) ... Challenges to the constitutionality of state bar rules, therefore, do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding. Instead, the district court may simply be asked to assess the validity of the rule promulgated in a nonjudicial proceeding. If this is the case, the district court is not reviewing a state court judicial decision. In this regard, 28 U.S.C. § 1257 does not act as a bar ...

*District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 485–486, 103 S.Ct. 1303, 1316–1317, 75 L.Ed.2d 206 (1983).

However, in *Woodard v. Virginia Board of Bar Examiners,* 454 F.Supp. 4 (E.D.Va. 1978), *aff'd,* 598 F.2d 1345 (4th Cir.1979) the United States Court of Appeals for the Fourth Circuit held that decisions of the Virginia Board of Bar Examiners were judicial in nature. In *Woodard* an unsuccessful applicant for admission to practice law in Virginia sued for admission, alleging racial discrimination. The Court found that the Board members are appointed by the Supreme Court of Virginia, that the Supreme Court of Virginia has the inherent power to proscribe rules governing admission to the bar, and that the decision to admit or exclude an attorney is the exercise of judicial power. *Id.* at 5. As a result, the Court ruled that "it is clear that the Board performs a judicial function on behalf of the Supreme Court of Virginia." *Id.* at 6.

In determining the question of jurisdiction, the Court must consider the case of *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *Feldman* involved two applicants for admission to the District of Columbia bar who sought waivers of the court's bar admission rule which required graduation from an American Bar Association approved law school. Both petitions were denied, and petitioners filed complaints in the United States District Court for the District of Columbia challenging the District of Columbia Court of Appeals' denials of their waiver petitions and challenging the constitutionality of the bar admission rule. The district court dismissed the complaints for lack of subject matter jurisdiction. The United States Court of Appeals for the District of Columbia reversed and remanded the case; however, the U.S. Supreme Court vacated the judgments and remanded the case to the district court for further proceedings.

In *Feldman,* the Supreme Court held that the waiver proceedings in the District of Columbia Court of Appeals were judicial in nature and that federal district courts do not have jurisdiction to review state court decisions in such proceedings, even when the plaintiff alleges that the state court action was unconstitutional. Quoting from *Doe v. Pringle,* 550 F.2d 596, 597 (10th Cir.1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977), the Court stated:

The United States District Court, in denying [the plaintiff] relief, declared that there is a subtle but fundamental distinction between two types of claims which a frustrated bar applicant might bring to federal court; the first is a constitutional challenge to the state's general rules and regulations governing admissions; the second is a claim, based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission. The Court held that while federal courts do exercise jurisdiction over many constitutional claims which attack the state's power to license attorneys involving challenges to either the rule-making authority or the administration of the rules ... *such is not true where review of a state court's adjudication of a particular application is sought.* The Court ruled that the latter claim may be heard, if at all, exclusively by the Supreme Court of the United States.

*Feldman* 460 U.S. at 485, 103 S.Ct. at 1316 (emphasis in original). The court further held that:

United States district courts, therefore, have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court deci-

sions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.

*Id.* at 486, 103 S.Ct. at 1317.

Additionally, in *Woodard v. Virginia Board of Bar Examiners, supra,* the district court dismissed plaintiff's complaint for lack of subject matter jurisdiction despite plaintiff's claim that he sought to challenge rules of general application. The Court held that it lacked jurisdiction "to consider an unsuccessful applicant's challenge to the procedures and practices of the Board in reference to that applicant's particular examination." *Id.* at 6.

Here, Clark does not challenge the state's general rules and regulations. The Board has no general rule or regulation that prohibits a person with a mental disability from obtaining a license to practice law. Each application is decided individually on its own merit, and the Board's concern is to determine whether or not the applicant possesses "the requisite fitness to perform the obligations and responsibilities of a practicing attorney at law." Va.Code § 54.1–3925.1.

Defendant, W. Scott Street, III, Secretary to the Board, states in his affidavit that a disclosure of a history of mental or emotional illness does not ever, standing alone, result in a denial of a license to practice law. The information is used to complete an essential part of the picture of the applicant as a whole person. He further states that disqualification occurs only if the applicant suffers from an untreated or uncontrolled illness that may cause injury to the public. *See* Street Affidavit at ¶ 21.

At this time, the Board has made no decision on Clark's fitness to practice law. Her responses to the questions at issue may warrant further inquiry on the Board's part or may not warrant further inquiry, at which time she will be licensed. This Court lacks jurisdiction to interfere in the Board's proceedings to determine Clark's fitness to practice law. Accordingly, she may raise her ADA claim in the context of the state admission proceedings by petitioning the Supreme Court of Virginia.

## IV.

Ordinarily, once the Court decides that it lacks jurisdiction, the proceedings in the district court are terminated and no further inquiry is necessary. *Clephas v. Fagelson, Shonberger, Payne & Arthur,* 719 F.2d 92, 94 (4th Cir.1983). However, in this case, the Court feels it appropriate to address one of the issues raised under the ADA.

In her complaint, plaintiff alleges that she is a person with a disability under the ADA because she has, in the past, been substantially limited in one or more of her major life activities. Regulations enacted under the ADA define the term "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such impairment; or being regarded as having such an impairment." 28 C.F.R. § 35.104. The phrase "major life activities" is defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Id.*

In *Forrisi v. Bowen,* 794 F.2d 931 (4th Cir.1986), and *Buko v. American Medical Lab,* 830 F.Supp. 899 (E.D.Va.1993), the courts held that to be a major disability "there must be a substantial limitation on a major life activity, and that impairment must be significant ... Impairments that are minor and whose relative severity is widely shared do not fall within the statute's definition." *Buko,* 830 F.Supp. at 904, *citing, Forrisi,* 794 F.2d at 933–34.

Clark has not suffered any condition that substantially limits her ability to care for herself, learn or walk. She has been continuously employed for more than a decade in positions such as law clerk, paralegal, resident manager of an abused women's shelter, and community education coordinator. For the last three and a half years, she has been employed full time as a children's program specialist at the Bazelon Center for Mental Health. In addition to her full time employment, she successfully attended George Mason University Law School, received her Juris Doctorate in May 1993 and passed the Bar in February 1994.

Plaintiff does not claim that her impairment significantly affected her ability to work, go to school, learn, see or hear. Rather she claims of an impairment which affected her ability to "concentrate, act decisively, sleep properly, orient [herself], and maintain ordinary social relationships." Nothing in the ADA suggests that people suffering from such common difficulties must be singled out for protection under the Act. In fact, the Fourth Circuit has expressly rejected attempts to define disabilities so broadly that they include such commonplace conditions. In *Forrisi v. Bowen, supra,* the Court pointed out that the question of who is handicapped under the Rehabilitation Act should be decided on a case by case basis. *Id.* at 933.

In this case, the plaintiff's impairment did not significantly limit her ability to perform any major life activity. As Dr. Zonana, plaintiff's expert, testified in deposition, between twenty and forty percent of all law students have "significant depression symptoms." *See* Defendant's Ex. C, p. 46. The studies show that by the third year of law school "about forty percent of the class reported significantly elevated depression levels." *Id.* at 47.

To interpret the ADA in a manner that would include forty percent of all law students would debase the high purpose of the statutory protections available to those truly handicapped. The ADA was not enacted to protect huge numbers of law school graduates suffering from commonplace conditions that did not impair their ability to successfully complete law school while at the same time successfully managing professional careers.

Additionally, this Court holds that plaintiff is not regarded by defendant as having an impairment. In *Paegle v. Dept. of Interior,* 813 F.Supp. 61 (D.D.C.1993), the plaintiff argued that the defendant regarded him as disabled because he was placed on limited duty. *Id.* at 65. The Court found that placing him on limited duty showed that defendant expected that he would soon recover. *Id.* The same is true here. If the defendants regarded Julie Ann Clark as disabled and unable to practice law, they would have denied her application. Instead they have merely insisted that she answer their mental health inquiry, so that they can make a decision as to whether she can practice law or not.

Accordingly, since the plaintiff does not have a physical or mental impairment that substantially limits one or more of the major life activities, nor a record of such impairment, nor is regarded as having such an impairment, the Court concludes that plaintiff is not a disabled person within the meaning of the Act. She therefore lacks standing to maintain this action.

### V.

Accordingly, the Court concludes:

(1) that the Court lacks jurisdiction; and

(2) that, even if the Court had jurisdiction, the plaintiff has no standing to bring this suit because she is not a disabled person within the meaning of the ADA.

An appropriate order shall issue.

### ORDER

For reasons set forth in the accompanying MEMORANDUM OPINION, it is accordingly ORDERED:

(1) that the Plaintiff's Motion for Summary Judgment is DENIED.

(2) that the Defendants' Motion for Summary Judgment is GRANTED and this matter is **DISMISSED** with prejudice.

(3) that the Clerk shall forward copies of this Order to all counsel of record.

### MEMORANDUM OPINION

This matter is before the Court on the plaintiff's Motion to Alter Judgment. For the reasons that follow, the motion is GRANTED.

### I.

Plaintiff, Julie Ann Clark ("Clark"), instituted this action for declaratory and injunctive relief against the Virginia Board of Bar Examiners ("Board") and its Secretary, W. Scott Street, III. Clark alleges that two questions on the Board's application concerning treatment and counseling for mental or

nervous disorders violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The parties filed cross motions for summary judgment, and, on July 11, 1994, this Court issued a Memorandum Opinion and Order granting summary judgment to defendants in this suit. *See Clark v. Virginia Board of Bar Examiners,* 861 F.Supp. 512 (E.D.Va.1994).[1] The basis for the Court's ruling was that it lacked subject matter jurisdiction over Clark's claims because she was not challenging a rule of general application mandated by the Virginia Board of Bar Examiners. In addition, the Court ruled that even if it did have jurisdiction, the plaintiff did not have standing to bring suit "because she is not a disabled person within the meaning of the ADA." *Id.* at p. 12.

On July 25, 1994, Clark filed a Notice and Motion to Alter Judgment, requesting that the Court reconsider its Order of July 11, 1994, granting summary judgment in favor of the defendants.[2] The Court will now turn its attention to this motion.

## II.

In examining the motion to reconsider, the Court is mindful of the fact that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3rd Cir.1985). It is within the sole discretion of the Court as to whether the granting of a motion to reconsider is appropriate. *Id.* Finally, the Court notes its previous statements in *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D 99, 101 (E.D.Va. 1983), where it is observed that

> [t]he motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial

issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court "rethink what the Court ha[s] already thought through—rightly or wrongly." *Id.*

## III.

■ Plaintiff's first contention is that the Court erred in finding that it did not have subject matter jurisdiction because this suit does not challenge one of the defendant board's "general rules and regulations." *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Clark argues that the sole issue in this case is whether the defendants have the right, under the ADA, to require all applicants to respond to questions 20(b) and 21 on the applicant's questionnaire. The Complaint does request as relief a declaration that the inquiry at issue violates the ADA and an injunction barring defendants from engaging in the inquiry. *See* Complaint, at pp. 6–7. Although the defendants point out and the plaintiff admits that Clark has also sought an order from the Court requiring the defendants to grant Clark a license to practice law, the plaintiff contends that, in light of the other declaratory and injunctive relief sought, this additional relief amounts to mere surplusage which can be stricken from the Complaint.

Upon consideration of the foregoing, the Court finds that its prior holding that it lacked jurisdiction over this action was incorrect as a matter of law and should be vacat-

---

1. The specific facts surrounding Clark's claims were put forth in great detail in the Court's prior Opinion and will not be reiterated here. See *Clark v. Board of Bar Examiners,* 861 F.Supp. 512 (E.D.Va.1994).

2. On August 9, 1994, the United States filed a Motion for Leave to Participate as Amicus Curiae

in this case. This motion was unopposed by the defendants, and, accordingly, it was granted by the Court. The United States' arguments were in support of and substantially similar to those put forth by the plaintiff in her Motion to Alter Judgment.

ed. It is now clear to the Court that, rather than attacking the Board's treatment of Clark in particular, this case challenges the defendants' right to enforce their rule of general application that all applicants must answer question 20(b). To the extent that Clark's request for an order directing defendants to grant her a license could be viewed as a challenge to her particular application, the Court will strike this request for relief from the Complaint. *See Feldman,* 460 U.S. at 485, 103 S.Ct. at 1316. As to the remaining claims for relief, the Court finds that, under the principles of *Feldman,* it has jurisdiction over this case.

As to plaintiff's second contention that she does in fact have standing to sue under the ADA, the Court finds that its prior ruling that she did not qualify as a disabled person was premature. Plaintiff has submitted, under seal, with her motion to amend a much more detailed declaration that persuades the Court that her case should have survived summary judgment.[3] The Court's ruling to the contrary was incorrect as a matter of law and must be vacated.

For the foregoing reasons, plaintiff's motion to amend judgment is GRANTED. Accordingly, this Court's Order of July 11, 1994, is vacated and set aside. Plaintiff's request that the Court order the Board to grant her a license shall be stricken from the Complaint. However, the case shall proceed on the remaining claims for relief.

An appropriate Order shall issue.

---

**3.** It is within the discretion of the Court whether or not to accept the plaintiff's supplemental declaration. The Court finds that counsel's "failure to produce it along with the summary judgment motion was justified." *RGI, Inc. v. Unified Industries, Inc.,* 963 F.2d 658, 662 (4th Cir.1992). Accordingly, this Court will accept the declaration for the purpose of this motion.