**BELLE VIEW APARTMENTS et al., Appellees,**

v.

**REALTY ReFUND TRUST, Appellant.**

**No. 78–1623.**

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1979.

Decided Aug. 3, 1979.

Robert S. Hall, Jr., Washington, D.C. (Jennifer Waters Hitt, Jones, Day, Reavis & Pogue, Washington, D.C., Burke, Haber & Berick, Cleveland, Ohio, on brief), for appellant.

James Bruce Davis, Washington, D.C. (Charles A. Trainum, Jr., Richard S. Arfa, Glassie, Pewett, Beebe & Shanks, Washington, D.C., on brief), for appellees.

Before WINTER, RUSSELL and HALL, Circuit Judges.

WINTER, Circuit Judge:

Although the appealing defendant initially sought to raise many other issues, we view this appeal as presenting the principal question of whether, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, an unincorporated real estate investment trust is to be treated as a corporation. We answer that question in the negative and hold that a real estate investment trust is to be considered, under § 1332, a citizen of every state of which any of its members is a citizen. We vacate the district court's declaratory judgment and remand the case to the district court for further consideration on the question of its jurisdiction.

I.

In 1972, Belle View Apartments (Belle View), a partnership organized in Virginia, obtained a substantial loan from Realty ReFund Trust (ReFund), a real estate investment trust organized under the laws of Ohio. The loan agreement set an annual interest rate of 7.125%, "computed on a 360-day year basis." Subsequently, after Belle View had begun making periodic payments on the loan, a dispute arose over the meaning of the term "360-day year basis."

Belle View and its individual partners brought an action in the Circuit Court of the County of Fairfax in the Common-

wealth of Virginia, praying for a declaration construing the disputed term according to Belle View's interpretation. ReFund removed the case to federal district court. The removal petition alleged diversity of citizenship, in that ReFund was "an unincorporated business trust" organized under the laws of Ohio and having its principal place of business in Ohio, and that all of the partners of Belle View were citizens of states other than Ohio. The jurisdiction of the district court was never questioned during the proceedings before it. After a bench trial, the district court construed the disputed term in Belle View's favor and entered a declaratory judgment for Belle View.

On appeal, ReFund has questioned for the first time the jurisdiction of the district court.[1] It contends that at least one of its members is a citizen of the same state as one of Belle View's partners, and that complete diversity under § 1332 is therefore lacking. As a legal matter, Belle View replies that ReFund is to be treated as a corporation, and that under § 1332(c), ReFund is a citizen only of Ohio, where it is organized and maintains its principal place of business. As a factual matter, Belle View states that it lacks sufficient knowledge to admit or deny that any of its partners shares citizenship in the same state with any of ReFund's members.

## II.

For purposes of diversity jurisdiction, a corporation has long been considered, both by judicial decision, *see Marshall v. Baltimore & Ohio Railroad,* 57 U.S. (16 How.) 314, 14 L.Ed. 953 (1853); *Louisville, Cincinnati & Charleston Railroad v. Letson,* 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844), and by statute, *see* 28 U.S.C. § 1332(c), to have citizenship determined independently of the actual citizenship of its shareholders. In *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889), however, the Supreme Court refused to treat an unincorporated joint stock company as a corporation. The Court held that for purposes of diversity jurisdiction, a suit by a joint stock company was to be considered a suit by its individual members.

The *Chapman* rule was extended to labor unions in *United Steelworkers v. R. H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). In his opinion for the Court, Justice Fortas recognized that as a practical matter, labor unions and other unincorporated associations had a separate business existence similar to that of corporations, but he concluded that such arguments should be addressed to Congress rather than the courts. The Court therefore found *Chapman* controlling and ruled that the citizenship of a labor union is to be determined by reference to the citizenship of each of its members. Although the holding of *Bouligny* was technically limited to labor unions, "every argument advanced by the Court is applicable to all forms of unincorporated associations." 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3630, at 849 (1975).

We hold that a real estate investment trust is subject to the rule of *Chapman* and *Bouligny.* In so holding, we follow the holdings of every other federal court that has ruled on the question, including the Third Circuit. *See Riverside Memorial Mausoleum, Inc. v. UMET Trust,* 434 F.Supp. 58 (E.D.Pa.1977) (collecting cases), *aff'd on this issue,* 581 F.2d 62 (3 Cir. 1978). Since ReFund is a real estate investment trust and Belle View is a partnership,[2] the district court lacked diversity jurisdiction if any member of ReFund shares a common state citizenship with any partner of Belle View.

---

1. Of course, the fact that ReFund had originally invoked the jurisdiction of the district court by removing the case from state court does not preclude it from now contending that the district court lacked diversity jurisdiction. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

2. Belle View does not question the well-settled principle that the citizenship of a partnership is determined, for purposes of diversity jurisdiction, by reference to the citizenship of each of its partners. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900).

The judgment of the district court is vacated and the case is remanded for further consideration with regard to the citizenship of the parties. If the district court finds that a member of ReFund and a partner of Belle View are citizens of the same state, then the district court lacks jurisdiction and it should remand the case to the Circuit Court of Fairfax County. We, of course, express no views on the merits of the parties' underlying contract dispute.

*VACATED AND REMANDED.*