**Vincent R. CLEPHAS, Appellant,**

v.

**FAGELSON, SHONBERGER, PAYNE & ARTHUR, A Law Partnership, doing business as a law firm in Virginia, Appellee.**

No. 82–2119.

United States Court of Appeals, Fourth Circuit.

Argued May 12, 1983.

Decided Oct. 19, 1983.

Rehearing Denied Nov. 21, 1983.

11. FCC slip opinion, p. 5.

James R. Wrenn, Jr., Richmond, Va., for appellant.

Paul F. Sheridan, Arlington, Va. (Siciliano, Ellis, Sheridan & Dyer, Charles F. Geschickter, Jr., Brault, Geschickter, Palmer & Grove, Fairfox, Va., on brief), for appellee.

Before HALL and ERVIN, Circuit Judges, and WYZANSKI,* Senior District Judge.

WYZANSKI, Senior District Judge.

Vincent R. Clephas, plaintiff, a resident and it seems, although it is not so alleged, also a citizen of the state of New York, appeals from the United States District Court for the Eastern District of Virginia's judgment against him on the merits in an action brought by him against Fagelson, Shonberger, Payne & Arthur which his complaint and amended complaint alike allege is "a law partnership doing business as a law firm in Virginia." *See* Complaint, heading and par. 3 (A.3) and Amended Complaint (A.175). On those allegations the plaintiff claimed that the district court had "diversity jurisdiction." *See* 28 U.S.C. § 1332.

In paragraph 3 of its answer the partnership stated "Jurisdiction is neither admitted nor denied, and proof thereof is demanded," (A.14).

So far as we have seen, nowhere in the record is there an allegation or proof that the partnership is in any jurisdictional way unique as was the *sociedad en comandita* involved in *Puerto Rico v. Russell & Co.,* 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933).

It is hornbook law that "Unincorporated associations have never been accorded a status as jural persons for purposes of diversity jurisdiction, nor has there developed a presumption of a single citizenship of the members. This is so even when by the applicable law they have the capacity to sue and be sued in the association name. The citizenship of all the members must be looked to, and not merely that of the officers and managers." Hart and Wechsler, The Federal Courts and The Federal System, [1st ed.], 917 (1953). The rule enunciated in *Chapman v. Barney,* 129 U.S. 677, 682, 9 S.Ct. 426, 428, 32 L.Ed. 800 (1881) remains the law today. *United Steelworkers of America v. R.H. Bouligny, Inc.,* 382 U.S. 145, 149–153, 86 S.Ct. 272, 274–275, 15 L.Ed.2d 217 (1965). *See* Hart and Wechsler, The Federal Courts and The Federal System, Second Edition, 1092–1094 (1973).

■ Nothing that we have seen in the record informs us of the citizenship of each

---

* Hon. Charles E. Wyzanski, Jr., Senior United States District Judge for the District of Massa-

chusetts, sitting by designation.

of and all the partners in the firm of Fagelson, Shonberger, Payne & Arthur. Therefore, there is lacking proof of diversity jurisdiction. This lack requires us on our own initiative to dismiss this case for want of jurisdiction.

■ Having found that we lack jurisdiction in this case, we would ordinarily not proceed to consider the merits of the case. However, here we must decide what form of order we should enter. Inasmuch as in all likelihood each member of the defendant partnership is a citizen of Virginia, and it was a mere inadvertence that led the plaintiff to omit allegation and proof to that effect, we, *provided that we were persuaded that the plaintiff's case had merit,* would view sympathetically a motion to enter an order remanding this case to the district court to permit the plaintiff belatedly to allege and prove such diversity of citizenship. However, as we shall now demonstrate, the plaintiff's case has no merit and so our order must remand the case to the district court to dismiss the complaint for want of jurisdiction.

It is the plaintiff's contention that the partnership by what he claims was simultaneously a breach of professional duty and a breach of fiduciary duty to him caused him damage.

The breaches which the plaintiff alleges had their origin in the conduct of Albert Grenadier of Alexandria, Virginia who in the 1960's and 1970's was a partner in the firm of Fagelson, Shonberger, Payne & Arthur but who since February 23, 1979 has been a Virginia State judge sitting in the Alexandria Circuit Court.

Plaintiff's contention is that in 1969 Mr. Grenadier, who had for some previous time been the counsel for the plaintiff and his then wife Eloise, rendered professional services to the couple in connection with a separation agreement which they then desired. Attorney Grenadier having received from the couple assurances that they were in agreement as to what kind of separation agreement they wanted and that there was no contest at all between them, acted for both of them in drafting such an agreement.

The plaintiff contends that with respect to certain spousal and child support obligations to be covered by the proposed agreement he told Attorney Grenadier that he intended to be bound to make payments calculated with reference to a certain percentage of his *take-home* pay, but that Attorney Grenadier, in breach of both his professional and fiduciary duties, drafted, and the plaintiff and his wife executed on July 17, 1969, a written agreement in which it is provided that the plaintiff's obligations shall be calculated on the basis of the plaintiff's gross salary and earnings.

The plaintiff alleged that that drafting constituted a negligent performance of the attorney's professional duty and a breach of his fiduciary duty.

The complaint and plaintiff's evidence contain further allegations and information with respect to what counsel was given by, and professional services were rendered by, Attorney Grenadier and by the lawyer who succeeded Grenadier after his withdrawal from the partnership. There entered as an effective factor into some of those subsequent matters of advice, draftsmanship and other professional services the fact that the July 17, 1969 separation agreement imposed upon the plaintiff spousal and child support obligations calculated upon the basis of the plaintiff's gross earnings rather than his take-home pay. But there is no indication that in connection with those later matters the plaintiff gave instructions which Attorney Grenadier or his successor did not follow or that the lawyers fell below the highest standards of professional duty or fiduciary responsibility. If there were—and we are far from suggesting that there was—any evidence that the defendant committed a breach of professional or fiduciary duty, such breach occurred on or before July 17, 1969.

Moreover, the supposed breach—the imposition of a percentage of gross rather than of net earnings—was transparent since it was a discrepancy appearing in a

document in the plaintiff's possession and upon which he consistently took action.

If the document were the source of a valid cause of action, the plaintiff's cause of action accrued by July 17, 1969.

The defendant's answer pleaded "the affirmative defense of the Statute of Limitations." This, of course, referred to the laws of Virginia, which admittedly govern the merits of this action (including the timeliness of the action), if it be a diversity action.

We need not decide whether the action sounds in contract or tort or both. The Virginia statute of limitations for contract and for tort each had barred by April 20, 1982, when the plaintiff began this action, a cause of action which accrued, if ever, more than 12 years earlier, that is, on July 17, 1969. Hence if the district court had jurisdiction of this action, it should have entered judgment on the merits against the plaintiff, if not at the time of a thorough pre-trial, at least no later than when at the close of the plaintiff's case in chief the defendant moved for a directed verdict.

We need not comment at length on the other points raised on this appeal. If it be true that the trial judge erred in not permitting the plaintiff at the *voir dire* to put at least some of his suggested questions to the panel of jurors or if the trial judge erred in putting questions to the witnesses or making other remarks during the trial of the case, such possible errors inflicted no legal harm on the plaintiff inasmuch as, in any event, the plaintiff had not sufficient evidence to have his case go to the jury.

The district court's judgment on the merits is vacated and the district court is directed to enter a judgment dismissing the complaint as not within that court's jurisdiction.

K.K. HALL, Circuit Judge, concurring:

I concur in that portion of the majority's opinion concluding that the district court lacked subject-matter jurisdiction. Unlike the majority, however, I find that addressing the merits of this appeal belies both Fourth Circuit and Supreme Court precedent.

Federal courts are courts of limited jurisdiction. C. Wright, *Law of Federal Courts* 17 (1976). The jurisdiction of the federal courts is dependent on the subject matter of the action before them. Consequently, lack of subject-matter jurisdiction annuls the power of the courts to hear and decide a case. *Id.* at 19. As early as 1868, the Supreme Court observed that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the laws, and when it ceases to exist, the *only* function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) (emphasis added).

The Fourth Circuit has enunciated this policy on numerous occasions. In *Portsmouth Redevelopment & Housing Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir.1983), this Court observed that "[b]ecause we dispose of this appeal on jurisdictional grounds, we do not address the merits of [appellant's] claim except to the extent they bear on the question of jurisdiction." *See also Belle View Apartments v. Realty Trust*, 602 F.2d 668, 670 (4th Cir.1979) (where upon discovering it lacked jurisdiction the Court would "express no views on the merits"); *Richardson v. McFadden*, 563 F.2d 1130, 1132 (4th Cir.1977) (Hall, J., concurring) (concurring in result because once district court lacked subject-matter jurisdiction it could not rule on merits).

I strongly oppose the filing of this opinion. In my view, it cavalierly disregards both Supreme Court guidelines and our own case precedent and cannot be sanctioned in good conscience. The merits of appellant's case should not be addressed.