**CONTROLLED ENVIRONMENT SYSTEMS, etc., Plaintiff,**

v.

**SUN PROCESS CO., INC., et al., Defendants.**

No. 96 C 5363.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 28, 1996.

David B. Pogrund of Stone, Pogrund, Korey & Spagat, Chicago, IL, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Controlled Environment, Ltd. ("Controlled") has just filed a three-count multidefendant Complaint, invoking federal jurisdiction on diversity of citizenship grounds and

seeking (1) to foreclose a state law mechanic's lien (see 770 ILCS 60/1 to 60/39), (2) to collect money damages in the same amount as the asserted lien and (3) to recover that same amount on a quantum meruit basis. Because the required initial scrutiny of the Complaint discloses the absence of subject matter jurisdiction,[1] this Court sua sponte dismisses both the Complaint and this action on that ground (by definition this constitutes a dismissal without prejudice to Controlled's reassertion of its claims in an appropriate state court).

■ Long-established basic principles (see *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)) teach that federal jurisdiction hinges on total diversity between *all* plaintiffs on the one hand and *all* defendants on the other. And 28 U.S.C. § 1332(a)[2] speaks in terms of the diversity of "civil *actions*"—it is not enough that (as is true of Counts II and III here) total diversity may exist as to fewer than all of a plaintiff's claims, if they are joined with at least one nondiverse claim.

In this instance Complaint ¶ 1 properly identifies both facets of Controlled's corporate citizenship under Section 1332(c)(1)—its state of incorporation and the location of its principal place of business—as Wisconsin-based. Complaint ¶¶ 2 through 5 do the same as to all of the named corporate defendants, placing their dual citizenship in Illinois and, as to one defendant, also in Delaware. So far, so good.

But where Controlled's counsel go astray is in attempting to carry over Illinois lien practice into the federal court. Here in relevant part is Complaint ¶ 21, which correlates with Controlled's naming of "Unknown Owners, Unknown Beneficiaries and Non–Record Claimants" as defendants in the case caption:

21. Plaintiff avers that, in addition to the persons designated by name herein, there are other persons who are interested in this action and who claim some right,

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):
   The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—."

title, lien or interest in, to or upon the Property or some part or parts thereof, described as follows:

\* \* \* \* \* \*

F. That the name of each such other person so interested in this action is unknown to Plaintiff and upon diligent inquiry cannot be ascertained, and all such persons are therefore made party-defendants to this action by the name and description of: Unknown Owners, Unknown Beneficiaries and Non–Record Claimants.

Thus Controlled has also instituted this lawsuit against various defendants that by definition *cannot* be alleged to possess state citizenship that is diverse from Controlled's (because the citizenship of those defendants is by definition *unknown*). And such joinder of those added defendants is fatal in federal jurisdictional terms (see, in the parallel context of mortgage foreclosures, *John Hancock Mutual Life Ins. Co. v. Central Nat'l Bank in Chicago,* 555 F.Supp. 1026 (N.D.Ill.1983) and cases cited there).

This aspect of federal jurisdiction is well known to Congress, in large part through the prevalent California practice of naming "Doe" defendants in all manner of cases. In recognition of that practice and of the case law that had developed in that respect (see particularly *Bryant v. Ford Motor Co.,* 832 F.2d 1080, 1083 (9th Cir.1987), amended on denial of rehearing and rehearing en banc, 844 F.2d 602 (9th Cir.1987)), in 1988 Congress amended Section 1441(a) to specify that in the *removal* context:

For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

█ No such enactment has been made in the statutory provision (Section 1332) by which Congress has granted this and other federal courts jurisdiction in diversity cases. And in this Court's view, it would be remiss if it were to import a like principle into original-jurisdiction jurisprudence where Congress has expressly chosen to do so in removal cases but has *not* enacted a comparable provision in Section 1332. It is after all for Congress to define the jurisdiction of the federal courts, and not for any federal district court to engage in judicial legislation.

Accordingly this Court concludes that total diversity does not in fact exist here, and so federal subject matter jurisdiction is lacking. This action is therefore dismissed. As stated at the outset of this opinion, Controlled is free to reassert its claims in a state court of competent jurisdiction.