K. Michael **BRYANT,** Plaintiff,

v.

**YELLOW FREIGHT SYSTEMS,** et al., Defendants.

No. 97 C 620.

United States District Court, N.D. Illinois, Eastern Division.

May 29, 1997.

---

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

After yesterday's status hearing in this action, conducted (1) with pro se plaintiff K. Michael Bryant ("Bryant") in California and communicating via speakerphone and (2) with defense counsel present in this Court's chambers, this Court has had its minute clerk photocopy Bryant's Second Amended Complaint ("SAC")—a pleading not previously provided to this Court, but about which it learned during the status hearing.[1] Based on its review of the SAC,[2] this Court sua sponte dismisses both the SAC and this action for lack of subject matter jurisdiction.

Two possible founts of such jurisdiction might conceivably allow Bryant to enter the federal courthouse door:

1. To the extent that he advances common law claims (SAC Counts I–VIII and XIV), he must rely on the total diversity of citizenship that has been required ever since *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) or—if he has provided a federal-question jurisdictional anchor—on the supplemental jurisdiction now conferred on federal courts by 28 U.S.C. § 1367(a).[3]

2. To the extent that he purports to assert federal-question claims, in this instance through his attempted Racketeer Influenced and Corrupt Organizations ("RICO") claims in SAC Counts IX and XI–XIII and through his attempted invocation of 18 U.S.C. §§ 875–876 in SAC Count X, those claims must possess suffi-

---

1. Bryant filed only the original of the SAC by mail to the Clerk's Office earlier this month, without providing the extra copy required by this District Court's General Rule ("GR") 9(H). Hence this Court never received the chambers' copy that GR 9(H) contemplates will be provided for the assigned judge's use. If Bryant were again to attempt to bring a proceeding in this District Court, he must adhere to the GR 9(H) requirement.

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

   The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In this instance Bryant's case came to this Court's calendar via a 28 U.S.C. § 1404(a) transfer from the lawsuit's original situs in the United States District Court for the Southern District of California. Because the action had thus presumably passed muster with another District Judge, this Court confesses that it did not give the earlier pleading the same level of threshold scrutiny to which it always subjects new cases on its calendar. But that makes no difference, because subject matter jurisdiction can and must be examined sua sponte at every stage of federal litigation—even as late as on appeal.

3. All further references to Title 28's provisions will simply take the form "Section—."

cient color so that jurisdiction exists to address them.[4]

But Bryant's allegations do not survive analysis in either of those respects.

■ Several flaws mandate the rejection of the SAC from a diversity perspective. Here they are:

1. As for Bryant himself, he identifies his California *residence* (SAC ¶ 1) but not his state of *citizenship* (which is by definition the relevant fact for diversity purposes) That alone could call for dismissal for lack of subject matter jurisdiction (see, e.g., *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir.1992) (per curiam) and *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir.1993) (per curiam)), although if that were the only defect involved this Court would follow its usual course of permitting the likely cure of Bryant's error under Section 1653.

2. Bryant identifies International Brotherhood of Teamsters ("Teamsters") as a "corporation" that is both organized and has its principal place of business in the District of Columbia (SAC ¶ 4). But that is almost certainly wrong: Labor unions are universally not incorporated—instead they are unincorporated associations—and to this Court's knowledge Teamsters is no different in that respect (see, e.g., *Local No. 1 (ACA) Broadcast Employees of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. International Brotherhood of Teamsters, Chauffeurs, Warehousmen and Appeal of High Way Truck Drivers and Helpers Local 107*, 614 F.2d 846, 853 (3d Cir.1980)). And in that case Teamsters' "principal place of business" is a total irrelevancy (that factor is a component only of *corporate* citizenship under Section 1332(c)(1)). Instead the citizenship of *all* of the Teamster members must be totally diverse from Bryant's (*United Steelworkers of America*

*v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965)), and Bryant has totally failed to make any of the necessary allegations in that respect.

3. Teamsters Local 710 *is* alleged to be a labor union (SAC ¶ 5). But once more Bryant has said nothing about the citizenship of the Local 710 members, all of whom must again be totally diverse from Bryant's state of citizenship.

4. Bryant has followed the California practice of throwing 50 "Doe" defendants into the hopper as well (SAC ¶ 7). But by definition those unknown defendants (who are necessarily of unknown citizenship) foreclose any possible allegation of total diversity (*John Hancock Mut. Life Ins. Co. v. Central Nat'l Bank in Chicago*, 555 F.Supp. 1026 (N.D.Ill.1983)).[5] As this Court has pointed out elsewhere, Congress' Section 1441(a) enactment that "the citizenship of defendants sued under fictitious names shall be disregarded" in *removal* cases precludes, by negative inference, any judicial creation of a like doctrine in *original* federal court filings—a field as to which Congress has made no such determination (*Controlled Env't Systems v. Sun Process Co.*, 936 F.Supp. 520, 522 (N.D.Ill.1996)).

■ Thus Bryant must look to his SAC Count X claim or to his RICO claims if he is to hope for a federal court adjudication of this action. As to the former, there is no arguable predicate for asserting the existence of an implied private right of action for an asserted violation of 18 U.S.C. §§ 875 and 876. And as for the latter, although federal courts assuredly do have jurisdiction over civil RICO under 18 U.S.C. § 1964(c), that jurisdiction is not called into play by a litigant's mere thoughtless incantation of the RICO acronym. Even otherwise experienced practitioners know that RICO is fraught with arcane mysteries—and for a

---

**4.** If that were the case, and if Bryant's state law claims were found to stem from the same Article III case or controversy, Section 1367(a) would keep him in federal court for those state law claims as well.

**5.** In so ruling *John Hancock* relied on Ninth Circuit jurisprudence, including *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir.1970), so that Bryant cannot look to California practice as somehow excusing his violation of the preconditions to diversity jurisdiction in the federal courts.

layman such as Bryant to surmount its numerous hurdles is a daunting task.

This is not merely a matter of whether Bryant has stated any viable (or even any arguably colorable) RICO claim (in which event this Court would have jurisdiction and could exercise it to determine the sufficiency of the claim). Instead, just as his citation to two other sections of the criminal code do not provide a ticket of entry to the federal courthouse for a civil claim, so too his citation of RICO does not lift his purported claims above the level of being "wholly insubstantial and frivolous"—see *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) and, for a thoughtful and extended discussion of the concept of subject matter jurisdiction in that sense, *Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1180–83 (7th Cir.1989).

In those terms what Bryant has set out in SAC Counts IX–XIII does not even approach the level required for subject matter jurisdiction. SAC Count X needs no further elaboration. And as for the RICO counts, Bryant has not even attempted to shape his generalized charges of purported misconduct on the part of the several defendants into the mold defined by RICO in 18 U.S.C. § 1964(c): Perhaps most importantly there is no hint of identification of any separate "person" and "enterprise" as that statute requires, nor does Bryant set out in that respect the claimed RICO predicate acts and how they form a "pattern of racketeering activity" — and the list could go on.

This Court attaches for Bryant's information the form of RICO Case Standing Order that has been adopted and invariably used by District Judge Alvin Krenzler of the United States District Court for the Northern District of Ohio, and that is also utilized by some other District Judges elsewhere.[6] That Standing Order prescribes the kind of checklist that Bryant would have to follow if he were to attempt to bring himself within the parameters of a RICO claim or claims, as he

has not even colorably done here. For now, however, it must be held that subject matter jurisdiction is lacking on all of Bryant's attempted federal-question claims, so that no Section 1367(a) foundation exists for the attachment of his ten state law claims either.

All of that being said, both the SAC and this action are dismissed for lack of subject matter jurisdiction. As in every instance of such dismissal, this order is entered without prejudice to Bryant's possible assertion of any viable claims that he may have in a state court of competent jurisdiction (a matter on which this Court expresses no substantive view). And the schedule that this Court established during yesterday's status hearing, calling for the filing of responsive pleadings to the SAC by the several defendants, is of course vacated.

### Appendix 5

#### RICO CASE STANDING ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Plaintiffs

-vs-

Defendants

CASE NO.

*RICO CASE STANDING ORDER*

*18 U.S.C. §§ 1961–1968*

JUDGE ALVIN L. KRENZLER

The above-captioned case contains a civil RICO claim, which has been filed in this Court pursuant to 18 U.S.C. §§ 1961–1968. This Standing Order has been designed to establish a uniform and efficient procedure for processing this case.

The plaintiff shall file, within twenty (20) days hereof, a RICO case statement. This statement shall include the facts the plaintiff

---

**6.** This Court has not followed the same lead by requiring every RICO plaintiff to comply with the requirements set out in that Standing Order. But on occasion when a lawyer (or in this instance an unrepresented party) has demonstrated a real lack of understanding of all of the elements that must be set out to invoke civil RICO, this Court has occasionally brought the Standing Order to that person's attention.

is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed.R.Civ.P. 11. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

a. List the alleged predicate acts and the specific statutes which were allegedly violated;

b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated in particularity." Fed.R.Civ.P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

d. State whether there has been a criminal conviction for violation of the predicate acts;

e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

f. Describe how the predicate acts form a "pattern of racketeering activity"; and

g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

b. Describe the structure, purpose, function and course of conduct of the enterprise;

c. State whether any defendants are employees, officers or directors of the alleged enterprise;

d. State whether any defendants are associated with the alleged enterprise;

e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

a. State who received the income derived from the pattern of racketeering activity or

through the collection of an unlawful debt; and

b. Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

a. State who is employed by or associated with the enterprise.

b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained by reason of the violation of § 1962, indicating the amount for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state claims, if any.

20. Provide any additional information that you feel would be helpful to the Court in processing your RICO claim.

IT IS SO ORDERED.

/s/ <u>Alvin L. Krenzler</u>
/s/ UNITED STATES
　　DISTRICT JUDGE