Gerald GARCIA, Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, Defendant.

No. 99 C 5017.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 8, 2000.

Glenn E. Heilizer, Laterza and Heilizer, Chicago, IL, for Plaintiff.

William J. Sneckenberg, William J. Sneckenberg & Assoc., Ltd., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This is a case about an entity with an identity problem. Gerald Garcia, a citizen of Illinois, applied for home fire insurance with Mid–Century Insurance Company on November 1996, and was subsequently issued a policy under the name of Farmers Insurance Exchange (the "Exchange"), a firm with a Los Angeles, California, address. (The Exchange owns 80% of Mid–Century Insurance Company.) Mr. Garcia's house burned down in July 1997, but when Mr. Garcia submitted a claim, it was denied. In November 1998, an insurer called Illinois Farmers Insurance Company filed a declaratory judgment case against Mr. Garcia, arguing that it, not the Exchange, was the proper defendant and that Mr. Garcia's policy was void. Mr. Garcia filed this lawsuit in August 1999 against the Exchange, alleging diversity of citizenship as the basis of federal jurisdiction. Illinois Farmers Insurance Company, a nonparty, moved to dismiss, and I denied that motion. The Exchange now moves to dismiss for lack of subject matter jurisdiction, arguing that there is no diversity because it is a citizen of Illinois. I deny this motion as well.

On a motion to dismiss for lack of subject matter jurisdiction, I normally read a complaint liberally and accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir.1999). Where evidence pertinent to subject matter jurisdiction has been submitted, however, I may look beyond the jurisdictional allegations of the complaint. *United Transp. Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir.1996). The plaintiff has the obligation to establish jurisdiction by competent proof. *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir.1998). The presumption of correctness that I accord to a complaint's allegations on the jurisdictional issue falls away once a defendant proffers evidence that calls the court's jurisdiction into question. *Sapperstein*, 188 F.3d at 856.

In this case, everything depends on the citizenship of the Exchange. Mr. Garcia is undisputedly a citizen of Illinois, so if the Exchange was also a citizen of Illinois, there would be no diversity, and I would lack subject matter jurisdiction. But the status and even the nature of the Exchange is quite unclear. It is a very postmodern operation.

Mr. Garcia and the Exchange agree that the Exchange is not a corporation. Mr. Garcia argues, however, for reasons that will shortly be clear, that the citizenship of the Exchange should be ana-

lyzed *as if* it were a corporation. Under this analysis, the Exchange should be accorded California citizenship because its principal place of business and place of organization is California. *See* 28 U.S.C. § 1332(c)(1). In support of this, Mr. Garcia urges a number of analogies between an insurance exchange and a corporation, noting, among other things, that a judge of this court has treated an inter-insurance change as a corporation for the application of the intracorporate conspiracy doctrine. *Sirajullah v. Illinois State Medical Inter–Insurance Exchange*, No. 86 C 8668, 1988 WL 53210, at *4 (N.D.Ill. May 17, 1988) (unpublished opinion). Mr. Garcia's creativity is admirable, and, as I have said, his confusion is understandable, but § 1332(c)(1) applies only to corporations, *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 189, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)(The only entity that has its own citizenship, rather than that of its members, is a formal, de jure corporation), and the Exchange, as Mr. Garcia admits, is not a corporation.

The Exchange, for its part, says that for purposes of diversity jurisdiction, it is to be "treated the same as other unincorporated associations," such as a partnership or labor union. The Exchange does not exactly say that it is an unincorporated association, although its briefs imply this. However, the Exchange's Assistant Secretary, Christopher R. Phlug, swears in an affidavit submitted by Mr. Garcia that the Exchange "is not a corporation, partnership, nor an unincorporated association or agency." It is apparently neither fish nor fowl, but sui generis. Mr. Garcia's puzzlement is therefore quite natural.

■ I need not, however, take the Exchange's Assistant Secretary's word for what he thinks it is. If the Exchange is not a corporation or an individual, it is an unincorporated association. These three categories exhaust the possible classifications under § 1332 for purposes of citizenship determinations. *See Carden*, 494 U.S. at 189, 110 S.Ct. 1015. Unincorporated membership associations, like general partnerships, limited partnerships, and joint stock companies are treated as citizens of every state of which any partner or member is a citizen. *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.1998). The Exchange argues that it has members or policyholders in Illinois, and that means that it is an Illinois citizen. The Exchange does not actually produce any evidence that it has any other members or policyholders in Illinois other than Mr. Garcia, and it does not even expressly name him in this context, leaving me to infer that it is him whom they mean to claim as a member.

■ But even if every individual citizen of Illinois had a policy with the Exchange it would not matter. The subscribers or policyholders are its customers, not its members. I do not become a member of a business association merely by entering into a contractual relationship with it for the purchase of goods, services, or insurance protection. The Exchange cites two cases in support of its claim to the contrary, but the cases are not to the point. *Bryant v. Yellow Freight Systems*, 989 F.Supp. 966 (N.D.Ill.1997), deals with the citizenship of a labor union, whose membership is not determined by contract. *Ashenden v. Lloyd's of London*, 934 F.Supp. 992 (N.D.Ill.1996), finds Lloyds, an insurance consortium, to be a corporation, not an unincorporated association. *Id.* at 999.

■ The diversity statute itself bars the Exchange's theory. Congress established identity of citizenship between an insured and insurer in "direct action" lawsuits, where, typically, an injured person sues the tortfeasor's insurer, "whether incorporated or unincorporated, [and] ... the insured [tortfeasor] is not joined as a party-defendant." 28 U.S.C 1332(c)(1). This is not a "direct action" suit but an ordinary breach of contract lawsuit by the insured against the insurer. If Congress had wished to make the insurer the same state

citizenship as its policyholders in contract cases, perhaps to limit litigation of insurance contract cases in the federal courts, it would have done so expressly. *See R.L. Coolsaet Constr. Co. v. Local 150, Int'l Union of Operating Eng'rs,* 177 F.3d 648, 659 (7th Cir.1999)(While "not always dispositive, [maxim *expressio unius est exclusio alterius* ] carries weight."). The Exchange certainly gives me no reason to think that Congress did any such thing impliedly.

The Exchange has therefore failed to come forward with sufficient evidence or argument to controvert Mr. Garcia's jurisdictional allegations. So far as I can tell, the Exchange, an unincorporated association, has no members in Illinois, and so complete diversity exists between it and Mr. Garcia. I have diversity jurisdiction, and the Exchange's motion to dismiss is accordingly DENIED.