**Memorandum To Counsel Re: ERIE INSURANCE EXCHANGE et al**

v.

**DAVENPORT INSULATION, INC.**

**Civ. No. L–08–33.**

United States District Court, D. Maryland.

May 22, 2009.

Amended Complaint.

Edward Joseph Brown, Law Office of Edward J. Brown LLC, Ellicott City, MD, for Plaintiffs.

Jennifer Wright Schick, Morison Ansa Holden Assuncao and Prough LLP, Ellicott City, MD, for Defendant.

BENSON EVERETT LEGG, Chief Judge.

Dear Counsel:

This letter order addresses Plaintiff Erie Insurance Exchange's ("Erie") pending Motion to Remand. *See* Docket No. 34. The Court DENIES that Motion for the reasons stated below.

This case involves a house fire at the home of Sharon and Robert McNutt. Erie insured the McNutt home. Erie alleges construction work done by the Defendants, Builder Services Group, Inc. ("BSG") doing business as Davenport Insulation, Inc., was faulty and seeks to hold the Defendants accountable for the damage caused by the fire.

This case was removed to federal court by the Defendants on January 3, 2008 under federal diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff represented itself as a Pennsylvania corporation with its principal place of business in that state. *See* Compl. ¶ 3; Amend. Compl. ¶ 4. In its Amended Complaint at paragraph 1, Plaintiff states that this Court has jurisdiction because "there is complete diversity jurisdiction" between the parties. Defendants are incorporated in and principally do business in Florida. As diverse parties, removal was proper.

Discovery began on January 10, 2008 and concluded on October 13, 2008. Defendants filed a Motion for Summary Judgment on November 12, 2008 (which the Court has not yet decided pending its ruling on the instant Motion to Remand).

On November 30, 2008, Plaintiff filed this Motion to Remand, arguing that this Court lacks subject matter jurisdiction because Erie and BSG are non-diverse parties. Erie now claims that it is a reciprocal insurance exchange, and thus an unincorporated association under Pennsylvania law. Plaintiff provides no plausible

justification as to why this basic fact was not raised until this late date. Nevertheless, it is true; Erie is an unincorporated association.[1] This fact alone, however, does not divest this Court of jurisdiction.

 An unincorporated association, like a general partnership, is a citizen of every state that its members, or partners, reside. *See Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93–94 (4th Cir.1983) (citing *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 149–153, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965)). *Clephas*, the controlling Fourth Circuit case, holds that a law partnership takes on the citizenship of all of its partners. *Id.* That court refers to the firm's partners as "members" in the law firm. *Id.*

Erie claims—without providing any evidence to support its claim—that it has insured policyholders in Florida. Erie argues that each individual insured policyholder is a "member" of the insurance exchange, meaning that each insured policyholder is equivalent to a partner in a law firm. Therefore, Erie argues, because it has insured policyholders in Florida, it is a Florida citizen. Because the Defendants are Florida citizens, Erie argues, complete diversity does not exist and the case must be remanded.

Erie's argument is simply wrong on the law. *Clephas* does not support Erie's ar-

gument.[2] Nor does Erie cite any controlling authority to support its argument.

 Rather, Erie's individual policyholders are its customers, not its members. *Garcia v. Farmers Insurance Exchange*, 121 F.Supp.2d 667, 669 (N.D.Ill.2000); *accord* Federal Procedure, Lawyers Ed., § 1:173 (2008) ("The citizenship of an unincorporated association or unincorporated reciprocal of interinsurance exchange is determined not by the citizenship of its policyholders, but by the citizenship of its members.") (internal citations omitted).[3]

*Garcia* is on all fours with the instant case. *Garcia* addressed the identical argument by a reciprocal insurance exchange on a motion to remand, and denied the motion. The Court finds *Garcia* to be compelling. Accordingly, the Court holds that it does have subject matter jurisdiction in this case and DENIES Erie's Motion (Docket No. 34).

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

---

1. Erie Indemnity Company, Erie's parent company, states in its 2009 10–K filing with the Securities and Exchange Commission that Erie Insurance Exchange is an "unincorporated association." *See* p. 3.

2. A brief analysis of the term "member" makes clear why *Clephas* does not support Plaintiff's argument. *Clephas* cites *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) for the legal principle that unincorporated associations take on the citizenship of its members. That term, member, arose in *United Steelworkers*, which held that the un-

ion, an unincorporated association, took on the citizenship of its union members. Law partners and union members are entirely distinct from insured policyholders; the former group is indistinguishable from the organization itself while the latter group is a mere customer.

3. *Cf. Royal Ins. Co. of America v. Quinn–L Capital Corp.*, 3 F.3d 877, 882 (5th Cir.1993), which holds that under Texas law only underwriters, not policyholders, are members. This analysis, however, is entirely consistent with rule from *Clephas* and *United Steelworkers*.