# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 6, 2018     Decided December 28, 2018

No. 17-7056

CLARENCE JACKSON,
APPELLANT

v.

OFFICE OF THE MAYOR OF THE DISTRICT OF COLUMBIA
AND DISTRICT OF COLUMBIA COURT OF APPEALS ADMISSIONS
COMMITTEE,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-02049)

*Sarah G. Boyce*, appointed by the court, argued the cause on behalf of the *amicus curiae* in support of the appellant. *Chad I. Golder*, appointed by the court, was with her on brief.

*Clarence Jackson*, *pro se*, was on brief for the appellant.

*Lucy E. Pittman*, Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for the appellees.   *Karl A. Racine*, Attorney General, *Loren L. AliKhan*, Solicitor General, and *Caroline S. Van Zile*, Deputy Solicitor General, were with her on brief.

Before: HENDERSON, GRIFFITH and WILKINS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*:

In 2010, the District of Columbia Court of Appeals Committee on Admissions ("Committee") denied Clarence Jackson's application to sit for the D.C. Bar Examination ("Bar"). Since then, Jackson has challenged that decision and, in turn, the handling of his challenge. His case reached the federal district court in 2016. The district court dismissed his complaint based on three alternative doctrines: the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine and the doctrine of *res judicata*. Because none of the three doctrines applies, we reverse.

## I.

Clarence Jackson sat unsuccessfully for the Bar four times. In 2010, he applied to sit a fifth time. He failed to pay the required fees or to provide proof of law school graduation and the Committee denied his application.

Five years later, Jackson sued the Committee in the D.C. Superior Court ("State Complaint"). He alleged that the denial of his application violated the Fourteenth Amendment to the United States Constitution, constituted a breach of contract and resulted in the intentional infliction of emotional distress. On April 1, 2016, the Superior Court granted without explanation the Committee's motion to dismiss the State Complaint.

On or around April 5, 2016, Jackson submitted a petition to the D.C. Mayor's Office in an apparent attempt to seek review of the decision denying him a further opportunity to

take the bar exam. The Mayor's Office denied his petition on the ground that he had already filed a lawsuit making the same claim. Jackson then petitioned for review in the D.C. Court of Appeals, but his petition was denied as untimely.

On April 7, 2016, Jackson asked the Superior Court to explain why it dismissed the State Complaint. The request remained pending for more than one year.

In the interim, Jackson filed the instant complaint ("Federal Complaint"). This time Jackson sued both the Committee and the Mayor's Office ("Defendants"). He alleged that the denial of his application and the rejection of his challenge to that denial violated the Sixth, Thirteenth and Fourteenth Amendments, [1] as well as the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* He also reasserted his breach of contract and intentional infliction of emotional distress claims and asserted a claim for negligent infliction of emotional distress. In March 2017, the district court granted the Defendants' motion to dismiss the Federal Complaint. The district court construed the Federal Complaint as a suit against the District and characterized the claims contained therein as "effectively the same as those advanced [in the State Complaint]." It then identified three alternative grounds in dismissing the Federal Complaint: the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine and the doctrine of *res judicata*.

In June 2017, the Committee asked the Superior Court to resolve Jackson's request that the court explain its decision to

---

[1]  Reading the *pro se* Federal Complaint "liberally," *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), we construe the Fourteenth Amendment claim as a Fifth Amendment claim, *see English v. District of Columbia*, 717 F.3d 968, 972 (D.C. Cir. 2013) (noting that Fifth Amendment applies to D.C.).

4

dismiss the State Complaint. In July 2017, the Superior Court stated that it had not ruled on the request over the previous fifteen months because it believed its earlier decision was "a final adjudication" and that "the matter was closed." It clarified that it had dismissed the State Complaint "for many reasons," including its "lack[] [of] subject-matter jurisdiction over this action." *See Kennedy v. Educ. Testing Serv., Inc.*, 393 A.2d 523, 525 (D.C. 1978) (D.C. Court of Appeals has exclusive jurisdiction over challenges to bar application denials).

Jackson timely appealed the district court's dismissal of the Federal Complaint. We review each alternative ground of the district court's decision *de novo*. *See Croley v. Joint Comm. on Judicial Admin.*, 895 F.3d 22, 28 (D.C. Cir. 2018) (district court's application of *Rooker-Feldman* is reviewed *de novo*); *Havens v. Mabus*, 759 F.3d 91, 97 (D.C. Cir. 2014) (district court's application of *res judicata* is reviewed *de novo*); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003) (whether district court applied proper abstention standard is reviewed *de novo*).

**II.**

The Defendants have all but abandoned their attempt to defend the district court's reliance on the *Rooker-Feldman* and *Younger* abstention doctrines and for good reason. The *Rooker-Feldman* doctrine prevents a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Jackson did not ask the district court to review and reject the Superior Court's dismissal of the State Complaint, *Rooker-Feldman* does not apply. The *Younger* doctrine prevents a

federal court from interfering with certain categories of ongoing state proceedings. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). We need not decide whether *Younger* applied at the time of the district court's decision; because Jackson's state court proceedings are not currently ongoing, *Younger* does not apply. *See Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 74 (D.C. Cir. 1997).

Nor does D.C.'s doctrine of *res judicata* apply. The full faith and credit statute dictates that D.C. law governs this issue. *See* 28 U.S.C. § 1738; *Hurd v. District of Columbia*, 864 F.3d 671, 679 (D.C. Cir. 2017) (holding that full faith and credit statute, 28 U.S.C. § 1738, requires federal court to give D.C. court's decision same preclusive effect D.C. court does). D.C. law establishes that, "[u]nder the doctrine of claim preclusion or *res judicata*, when a valid final judgment has been entered *on the merits*, the parties or those in privity with them are barred, in a subsequent proceeding, from relitigating the same claim or any claim that might have been raised in the first proceeding." *Wash. Med. Ctr., Inc. v. Holle*, 573 A.2d 1269, 1280–81 (D.C. 1990) (emphasis added). The Superior Court dismissed the State Complaint for lack of subject matter jurisdiction. Although the Superior Court noted alternative bases for dismissal, including the Committee's immunity from suit, the running of the statute of limitations and the complaint's failure to state a claim, it had no authority to consider them having determined it was without jurisdiction. *See In re D.M.*, 771 A.2d 360, 364 (D.C. 2001) ("Without jurisdiction, the Court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))). A dismissal for lack of subject matter jurisdiction is not a judgment "on the merits." *UMC Dev., LLC v. District of*

*Columbia*, 120 A.3d 37, 48–49 (D.C. 2015) ("[A] court which lacks subject matter jurisdiction may not issue a ruling on the merits."). *Res judicata*, then, also does not apply.

The Defendants acknowledge that the State Complaint was not dismissed "on the merits" but argue that *res judicata* nevertheless applies. They claim that *res judicata* applies if a party seeks to relitigate the same jurisdictional issue that led to an earlier dismissal, notwithstanding a jurisdictional dismissal is not rendered "on the merits." The Defendants are incorrect. Without exception, an earlier judgment must have been rendered "on the merits" for *res judicata* to apply. *Washington Med. Ctr.,* 573 A.2d at 1280–81.

A dismissal for lack of jurisdiction *does* "preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal." *GAF Corp v. United States*, 818 F.2d 901, 912 (D.C. Cir. 1987). But that result arises from the application of the doctrine of collateral estoppel, or *issue* preclusion. *See Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015). Collateral estoppel prevents a party from relitigating an issue that has already been decided, whether there has been a judgment "on the merits" or not. *GSS Grp. Ltd. v. Nat'l Port Auth. of Liberia*, 822 F.3d 598, 608 (D.C. Cir. 2016) (issue preclusion applies if "a later argument 'is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it could have been raised'" (quoting *Hall v. Clinton*, 285 F.3d 74, 80 (D.C. Cir. 2002))). But even collateral estoppel would not apply here because the Federal Complaint does not require the district court to relitigate the same jurisdictional *issue* that led to the dismissal of the State Complaint. The Superior Court dismissed the State Complaint because it—a *state court*—lacked jurisdiction of the *State Complaint*. The Federal Complaint requires the district court to decide whether a *federal court* has

jurisdiction of the *Federal Complaint*. These are different issues and therefore collateral estoppel—as an alternative basis for dismissal—cannot save the district court's judgment.

For the foregoing reasons, the judgment of the district court is reversed. The case is remanded for further proceedings consistent with this opinion. The district court is free to consider, *inter alia*, the alternative bases for dismissal set forth in the Defendants' motion to dismiss. *See* District Court Docket, ECF No. 17, at 1 (defendants' unaddressed grounds include their legal incapacity; Committee's immunity from suit; statute of limitations bar; Jackson's failure to comply with D.C. Code § 12-309; and Jackson's failure to state plausible claim for relief).

*So ordered*.