# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 20-7066**

**September Term, 2021**

FILED ON: MARCH 11, 2022

IN THE MATTER OF: SONYA OWENS,

SONYA OWENS,
              APPELLANT

v.

RELIANCE PARTNERS, LLC,
              APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02491)

---

Before: HENDERSON and JACKSON, [*] *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Sonya Owens filed a barebones bankruptcy petition seeking an automatic stay from an eviction order Reliance Partners, LLC had obtained against her from the courts of the District of Columbia. Not only did Owens's petition erroneously claim she was a tenant rather than former owner of her residence, she also failed to submit proof of any assets in her estate that could be reorganized through bankruptcy. Realizing that Owens did not have a claim for relief, the bankruptcy court relieved Reliance of the automatic stay, allowed the eviction to proceed, and then

---

[*] Circuit Judge Jackson was a member of the panel at the time the case was calendared for argument but did not participate in this judgment.

dismissed Owens's petition because she failed to file the proper mailing matrix with her petition. Recognizing Owens has a pattern of filing questionable bankruptcy petitions, the bankruptcy court also enjoined her from filing new petitions until the completion of the eviction. After the eviction was completed, Owens appealed the decision to the district court, which affirmed the judgment of the bankruptcy court.

Owens now appeals all rulings of the bankruptcy court and the district court, to wit: the orders (1) shortening Owens's time to respond, (2) lifting the automatic stay, (3) denying Owens's motion to continue, (4) dismissing Owens's petition, (5) denying her motion to reconsider the dismissal, and (6) temporarily enjoining Owens from bankruptcy filings. As the district court noted, the first three rulings are now moot. The last one, the temporary injunction, is also moot because the period during which Owens was barred from filing elapsed upon Reliance taking control of the disputed residence.

The sole remaining issues, therefore, are whether the bankruptcy court (4) improperly dismissed Owens's petition and (5) denied her motion to reconsider. Because we do not have jurisdiction to grant the only relief Owens sought below — return of the residence or stay of the now executed eviction order — the dismissal order is now moot as well.

Once Owens's claim reached bankruptcy court, Judge Teel correctly noted that "she had no interest in the property to reorganize." Without an interest to reorganize, the only relief Owens could and did seek was an injunction reinstating her ownership interest in her former residence. Owens never argued she has a legal claim to such relief until she made her new Home Rule claim for the first time on appeal, so the claim is forfeit. *See United States v. Stover*, 329 F.3d 859, 872 (D.C. Cir. 2003).

Even if Owens had argued wrongful eviction in bankruptcy court and properly preserved the issue, which she did not, her claim would require us to second guess the decision of the DC Superior Court that she had no interest in the disputed property, but we have no jurisdiction to do that per the *Rooker-Feldman* doctrine. *See Jackson v. Off. of the Mayor of D.C.*, 911 F.3d 1167, 1170 (D.C. Cir. 2018) (barring "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))); *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1062 (7th Cir. 2018) (rejecting plaintiff's claims for damages because the court "would be required to contradict directly the state court's decisions by finding [the defendant] was not entitled to the final judgment of foreclosure"); *In re Knapper*, 407 F.3d 573, 581–82 (3d Cir. 2005) (holding bankruptcy proceeding used to attack final default judgment of foreclosure "would reduce the state court judgments to nullities"). Accordingly, no federal court can grant Owens the relief sought, rendering her appeal moot. *See Zukerman v. USPS*, 961 F.3d 431, 442 (D.C. Cir. 2020) ("A lawsuit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (cleaned up)).

We thank the court-appointed amicus, Nicole A. Saharsky, for ably assisting the court in this matter.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk