# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7020

September Term, 2023

FILED ON: DECEMBER 26, 2023

LARRY ELLIOTT KLAYMAN,
APPELLANT

v.

MATTHEW G. KAISER,
JULIA PORTER,
HAMILTON P. FOX, III,
LAWRENCE BLOOM,
JOHN DOES 1-5,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-00727)

Before: MILLETT and RAO, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order granting dismissal be **AFFIRMED**.

Attorney Larry Klayman alleged that D.C. Bar officials defamed him by conspiring with Josh Gerstein, a journalist for Politico, to publish an article about Klayman and an official D.C. Bar disciplinary hearing concerning his fitness to practice law. Compl. ¶¶ 9–12. The D.C. Bar officials are members of the D.C. Bar's Office of Disciplinary Counsel and the former chair of the D.C. Bar's Board of Professional Responsibility. *Id*. ¶¶ 4–8. Klayman appeals the district court's dismissal of his defamation claims, contending that Bar officials are not immune, that the district court was required to assume that his allegations were true, and to permit discovery, and improperly applied *res judicata*. Upon *de novo* review, *Jackson v. Office of the Mayor of D.C.*, 911 F.3d 1167, 1170 (D.C. Cir. 2018), the court affirms.

## I.

To the extent Klayman alleged that Bar officials defamed him by making false statements during the official disciplinary hearing, *see, e.g.,* Compl. ¶ 17, the district court properly concluded that Bar officials are absolutely immune from his claims. This court held that Klayman's substantially similar claims against Office of Disciplinary Counsel employees were barred because those employees are quasi-judicial officers who "are immune from liability for damages on federal- or D.C.-law claims arising from their official actions of initiating and adjudicating disciplinary charges." *Klayman v. Lim*, 830 F. App'x 660, 662 (D.C. Cir. 2020) (citing *Simons v. Bellinger*, 643 F.2d 774, 782 (D.C. Cir. 1980)).

Here, Bar officials are absolutely immune from defamation claims based on their statements during official disciplinary proceedings. It is irrelevant "[w]hether or not [Bar officials] had good reason to pursue charges." *Id.* So too it is irrelevant whether Bar officials made statements during official Bar proceedings to defame Klayman. Bar officials' statements during disciplinary proceedings are "plainly within the general matters . . . committed to [their] discretion." *Simons*, 643 F.2d at 786. Bar officials are therefore entitled to absolute immunity for such statements.

## II.

Klayman alleged that Bar officials defamed him by making false statements to Gerstein outside of the official disciplinary hearing. Klayman fails to state a claim. FED. R. CIV. P. 12(b)(6). The district court did not address the plausibility of Klayman's allegations, but this court "may affirm on different grounds the judgment of a lower court if it is correct as a matter of law." *Citizens for Resp. & Ethics in Wash. v. Office of Admin.*, 566 F.3d 219, 225 (D.C. Cir. 2009) (internal quotation marks and citation omitted).[1]

A plaintiff must allege "sufficient factual matter" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As evidence of collaboration between Bar officials and Gerstein, Klayman points to the flattering portrayal of a Bar official, Deputy Bar Disciplinary Counsel Julia Porter, in the article. *See* Compl. ¶ 36. Quoting Gerstein's description of Porter's work does not plausibly allege that Bar officials worked with or even spoke to Gerstein. Several of Klayman's other allegations of collaboration between Bar officials and Gerstein are conclusory and unaccompanied by any plausible factual allegations. *Id.* ¶¶ 11, 14, 17–19, 21.

In his complaint, Klayman also quotes the article's statement that "Bar ethics officials say the record is mounting that Klayman is unfit to practice." *Id.* ¶ 55. Even assuming this does not summarize statements from the public hearing, Klayman fails to state a claim. At the time the article was published, Klayman was subject to a three-month suspension and further disciplinary proceedings against Klayman were ongoing. *Id.* ¶ 20; *In re Klayman*, 228 A.3d 713, 715 (D.C. 2020). With these facts before the Bar officials, Klayman has not plausibly alleged that Bar officials made the "record is mounting" statement with negligent disregard for its truth — the

---

[1] To comply with the cross-appeal rule, nothing in this judgment affects the prejudicial effect of the district court's order. *Cf. Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1028–29 (D.C. Cir. 2020).

lowest defamation standard that would apply regardless of whether Klayman is a public figure. *See Moss v. Stockard*, 580 A.2d 1011, 1022 n.23 (D.C. 1990).

Klayman's contentions that the district court was required to take his allegations as true and to permit discovery fail. The Federal Rules of Civil Procedure "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. At most, Klayman has alleged "facts that are merely consistent with a defendant's liability." *Id.* at 678 (internal quotation marks and citation omitted). Because those allegations do not "nudge[] [his] claims across the line from conceivable to plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), Klayman fails to state a claim as to allegations based on Bar officials' speech outside of the official disciplinary hearing.

**III.**

Klayman contends that the district court afforded preclusive effect to another judge's ruling in another case. The record shows that the district court judge in this case "solicited the views of the parties and . . . independently determined that the reasoning set forth in [the other judge's orders] was persuasive and govern[ed] the instant dispute[.]" Order (Jan. 23, 2023) 4 n.3.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

<u>**Per Curiam**</u>

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk